154 So.2d 357 (1963)
Edward Reld DONALD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 3563-3567.
District Court of Appeal of Florida. Second District.
May 1, 1963.
Edward Reid Donald, in pro. per.
Richard W. Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
KANNER, Judge.
Edward Reid Donald, appellant, has filed with this court an instrument which he styled, "Motion for Writ of Mandamus," requesting that "the court appoint an attorney to assist him in perfecting his appeal", setting out that he is an indigent, and invoking "the true spirit of the 6th and 14th Amendments." He is now serving sentences in the Florida State Prison entered in the Circuit Court for Pinellas County for commission of felonies, in two cases for uttering a forged check, in two others for forgery, and in one for the crime of escape. Upon application of appellant, the five cases were consolidated for purposes of the record on appeal and the briefs.
Appellant's request before this court constitutes a petition for the furnishing of legal assistance on the appeals. The record clearly reveals that the sentencing judge did, in fact, enter an order declaring appellant to be insolvent.
Of decisive import here is the March 18, 1963, case of Douglas v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, wherein the United States Supreme Court *358 addressed itself solely to the question of whether or not an indigent shall be denied the assistance of counsel on appeal. In that case, two petitioners-defendants had been jointly tried in a California court on an information charging them with 13 felonies. A single public defender was appointed to represent them, and motions for appointment of separate counsel and continuance, made both at the commencement of the trial and subsequently, were denied. Petitioners dismissed the defender, claiming he was unprepared. Upon conviction by a jury of all 13 felonies, with consequent prison sentences, both defendants appealed as of right to the California District Court of Appeal, with the result that their convictions were affirmed. The California Supreme Court, without hearing, denied their petition for further discretionary review. The Supreme Court of the United States later granted their petition for writ of certiorari, from which emanated the decision we are now discussing.
The preliminary observation was made by the Supreme Court that, by the record, the petitioners had requested and were denied the assistance of counsel on appeal, even though it plainly appeared they were indigents. It was indicated that, in denying the requests, the California District Court of Appeal had set out that it had "`gone through' the record and had come to the conclusion that `no good whatever could be served by appointment of counsel.'" The California court, in this conclusion, was acting under a state rule of criminal procedure authorizing appellate courts of California, upon request of an indigent for counsel, to make "`an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed.'" If, after such investigation, in the appellate court's opinion it would be helpful to the defendant or the court, the court should appoint counsel and should deny it only if, in its judgment, such appointment would be of no value to either the defendant or the court.
The court pointed out that it was dealing only with a first appeal from a criminal conviction, granted as a matter of right to rich and poor alike; and it was specified that the court was not there concerned with problems which might arise from denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. "But," said the court, "where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." The Supreme Court, vacating the judgment of the district court and remanding the case for further proceedings not inconsistent with the opinion, emphasized the contrast which exists where the rich man can require the appellate court to listen to argument of counsel before deciding on the merits, while a poor man cannot:
"There is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself. The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal."
In Florida, there exists at present no statutory provision of state-wide application that accords an indigent the right to appointment of counsel in the prosecution of an appeal, except for section 909.21, Florida Statutes, F.S.A., which makes provision only for representation of an indigent on appeal in capital cases; and this applies only to a defendant who has been convicted and sentenced to death.
*359 Pinellas County, however, whence this appeal arises, is one of the few counties in Florida which, through legislative enactment, has afforded to an indigent a public defender. Chapter 61-2663, Special Acts 1961, Laws of Florida, establishing the office of public defender in that county, makes provision under section 4(a) that, upon request of a defendant or upon order of the court, the public defender shall represent an indigent who is charged with commission of any felony triable in any court of record in that county which utilizes the services of a prosecuting attorney and that the defender's duties are extended to include all appeals and writs to higher court or courts "* * * when, in the opinion of the Public Defender, the appeal or writ might reasonably be expected to result in the reversal or modification of the judgment or conviction or the vacating or modifying of the sentence against such defendant." Thus, while this legislative act represents a forward step in this regard, whether or not the appeal of an indigent shall be taken and prosecuted with benefit of the defender as counsel rests solely within the discretion of that official, who himself becomes the arbiter.
The situation in which this court finds itself involves only the necessity to make proper disposition of appellant's petition for legal assistance on appeal. He, personally, has entered his notices of appeal, engaging in that step of the appellate process without counsel; and, having done so, he now requests appointment of an attorney to assist him in these appeals. The Douglas case makes clear our obligation to grant this request. The sentencing court can most advisedly designate the attorney to represent appellant on his appeals, and we so direct.
It is so ordered.
SHANNON, C.J., and SMITH, J., concur.