PER CURIAM.
This is an appeal from an order denying appellant’s petition for relief pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The principal contentions are that he was entitled to a hearing on the question of (a) his allegation that the police officer who testified for the State was guilty of perjury, and (b) that appellant was prejudiced by the failure of the Court to appoint counsel prior to his arraignment.
Appellant’s allegation as to perjury of a police officer has been determined to be legally insufficient to constitute a valid collateral attack in the absence of an allegation that the State knowingly used perjured testimony' in order to secure the conviction. Austin v. State, Fla.App.1964, 160 So.2d 730.
Appellant’s contention that he was entitled to counsel at arraignment is not availing.
We do not overlook Harris v. State, Fla.1964, 162 So.2d 262 [opinion filed March 25, 1964, not yet reported], wherein the Florida Supreme Court held that a plea of guilty entered at an arraignment or preliminary hearing which is subsequently admitted into evidence at the trial has the effect of making the prior proceeding a “critical stage.” Assuming arguendo that an arraignment may become a “critical stage” in a criminal proceeding thereby entitling an indigent defendant to court-appointed counsel as indicated in the Harris case, this is not such a case.
He plead not guilty at arraignment. Subsequently, counsel was appointed by the court to represent appellant at his trial. Excluding the alleged perjury of a witness, it is not suggested that appellant did not receive a fair trial on his non-guilty plea. If the appellant had been provided with counsel prior to arraignment and had plead not guilty, the result would not have been changed by the fact that he had counsel at the time he entered the plea. Furthermore, *807 if the appellant had plead guilty on advice of counsel at arraignment he would have been so adjudged and the result would not have been changed.
Affirmed.