STURGIS, Chief Judge.
This is an appeal from an order denying appellant’s motion under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix to vacate judgments entered and sentences imposed by the Circuit Court in *53 and for Marion County, Florida, on January 12, 1960, in five criminal cases against appellant.
On January 18, 1963, appellant filed in the Supreme Court of Florida a petition for writ of habeas corpus. It at most alleged, without supporting facts, that his constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States had been violated, inferred that he was not represented by counsel, and asserted that he entered pleas of guilty after being advised by the State Attorney that the trial judge “was in a lenient mood today and I would not get much time.” On this sparse showing the Florida Supreme Court on February 12, 1963, 152 So.2d 172, denied said petition.
Appellant then petitioned the Supreme Court of the United States for a writ of certiorari to the Supreme Court of the State of Florida to review the denial of said petition in habeas corpus, and on October 14, 1963, certiorari was granted, the judgment of the Florida Supreme Court was vacated, and said cause was remanded to the Florida court for further consideration in tlie light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, Mr. Justice Harlan dissenting. See Mitchell v. Wainwright, 375 U.S. 2, 84 S.Ct. 81, 11 L.Ed.2d 42. On November 22, 1963, the Florida Supreme Court in Mitchell v. Wainwright, 157 So.2d 810, held that the petition for writ of habeas corpus “if proved, alleged grounds for post-conviction relief,” and in order to expedite disposition of the matter declined to issue the writ of habeas corpus, but expressly without prejudice to the petitioner to proceed under Florida Criminal Procedure Rule No. 1. Thereupon the appellant, proceeding under Rule 1, moved to vacate said judgments and sentences. The motion was denied, hence this appeal.
The record on appeal contains certified copies of five informations charging appellant with crimes as follows: #995-A, Breaking and Entering; #996-A, Larceny of Automobile; #997-A, Larceny of Au.tomobile; #999-A, Escape; #1003-A, Assault by Prisoner. Included therein is a certified copy of the minutes of the circuit court showing the proceedings incident to the arraignment of the defendant on each of said charges, from which it appears that the court explained to him his constitutional rights, including the right to trial by jury and to have the services of counsel, and informed him of the maximum penalty that could be imposed under each charge; and further reflects that appellant thereupon stated to the court that he fully understood the charges, that he desired to enter a plea thereto without the advice of counsel, and that he took such action freely and voluntarily and without any promise of reward or hope thereof. He was 'thereupon arraigned upon each offense separately, entered a plea of guilty to each^ and was thereupon adjudged by the court to be guilty of each offense.
The record also contains a transcript of the other transactions before the trial judge at arraignment and sentencing of the appellant, which further develop the fact that the trial judge painstakingly informed appellant of his constitutional rights and that appellant knowingly and intelligently waived the right to be represented by counsel and freely and voluntarily entered pleas of guilty to each of said charges. The record on appeal clearly demonstrates that appellant was not only accorded his constitutional rights at every stage of the trial proceedings, but that he also received kind and considerate treatment by the trial judge. It was not error to deny appellant’s motion to vacate the subject judgments and sentences.
Of our own motion, we now turn our attention to the brief prepared and filed by appellant on this appeal. Without any foundation in fact, the pleader has therein intemperately, scurrilously and contemptuously reviled the trial judge on the premise that in view of the prior proceedings before *54 the Supreme Court of Florida and the United States Supreme Court the trial court had no alternative but to grant appellant’s motion to vacate. Pursuing that false premise, his brief charges the circuit court with having “defied” said appellate courts and with having “changed, altered, mutated [sic], distorted, diverted, converted, warped and completely modified” his grounds for the motion to vacate. He asks this court to “distinguish itself in Justice and Responsibility” by reprimanding the circuit court; and that the form of the reprimand be a reversal of the judgments of conviction without remand in final disposition of the subject causes. He suggests that by such action this court would “finally uphold [his] sacred rights * * * before the bar of the Sovereign State of Florida”; and concludes by asserting that the order appealed is “irresponsible, contemptous, defiant and evasive,” and that the circuit court has thereby relinquished all jurisdiction of said causes. These statements are as inappropriate as they are incorrect in principle and fact.
One who appears in proper person, no less than one represented by highly competent counsel, is entitled to fully and fairly present his appeal on the basis of the facts and applicable law; but his legal rights terminate at that point. The appellate courts have walked the last reasonable mile in an effort to fully protect the fundamental rights of persons charged or convicted of crime, to the extent that at times they have seemingly lost sight of or submerged the rights of the law-abiding citizen. A due sense of justice under the law and liberality in dealing with a layman who pleads his own cause does not contemplate that he should be invested with carte blanche authority to vilify and excoriate those who are charged with the duty to enforce and administer the law. While we have considered the brief filed by appellant on its merits, it so far transgresses the rules of pleading as not to be entitled to sanction as an authoritative part of the files of this •court. Accordingly, of our own motion the same is hereby stricken.
The order appealed is
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.