ANDREWS, Judge.
Samuel Lee Sampson, also known as Jonnie Lee Hooken, appeals denial of post-conviction relief under Criminal Procedure Rule One, F.S.A.Appendix, ch. 924.
Defendant Sampson was charged with robbery in two separate informations. He was not represented by counsel at arraignment, at which time he pleaded not guilty.
The Public Defender was appointed to defend him, he was tried and convicted by the jury upon one of the charges, and was sentenced to serve thirty years in prison. Later the defendant, still being represented by the Public Defender changed his plea on the second charge to nolo con-tendere. The court found him guilty and sentenced him to serve five years, to run concurrently with the previous sentence.
The question before the court is whether under the circumstances of this case the defendant was entitled to representation by counsel at the time of his arraignment. Arraignment can become a critical stage in the prosecution of a criminal charge. Such would be the case where a defendant has pleaded guilty without benefit of counsel, which right had not been waived, as in McMillan v. State, Fla.App. 1965, 177 So.2d 68, opinion filed June 16, *543 1965, and later, after obtaining counsel, attempted to change his plea to not guilty and the court denied such request in accordance with the provisions of § 909.13, F.S.A.
In the matter before the court here, arraignment was not a critical stage in the prosecution process in that he was not prejudiced in any way by being arraigned without counsel. Sardinia v. State, Fla. 1964, 168 So.2d 674; Ingrim v. State, Fla. App.1964, 166 So.2d 805.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.