DREW, Justice
(concurring specially):
I am wholly unable to agree with the conclusion reached by Justice Barns to the effect that the failure to provide counsel to the defendant for the purposes of a direct appeal to the District Court of Appeal after conviction was not in violation of the defendant’s right under the Sixth and Fourteenth Amendments to the United States Constitution and directly contrary to the holding of the Supreme Court of the United States in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. Moreover, this Court in a unanimous opinion in 1964, in the case of State v. Weeks, 166 So.2d 892, squarely held:
“It should be noted with emphasis at the outset, that this was not a direct appellate assault upon the judgment of conviction. If it were, Weeks would have an organic right to the aid of counsel. Douglas et al. v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Donald v. State of Florida, Fla.App., 154 So.2d 357. In these cases a direct appeal was regarded as a critical step in a criminal prosecution. In such situations an indigent appellant is entitled to the assistance of counsel by virtue of the provisions of the Sixth and Fourteenth Amendments, United States Constitution. * * * ”
In Douglas v. People of State of California, supra, the question was squarely presented to be decided by the Supreme Court of the United States. In that case it appeared that under a California rule of criminal procedure the appellate courts were required upon the request of an indigent to make an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed to present his appeal and, after such investigation, the appellate court should appoint counsel if, in their opinion, it would be helpful to the defendant or the court and should deny the appointment of counsel only if, in their judgment, such appointment would be of no value to either the defendant *802 or the court. In considering the request of the defendants in that case, the California court to whom the first direct appeal authorized by law had been taken stated it had gone through the record and had come to the conclusion that “ 'no good whatever could be served by appointment of counsel’ ” and refused to do so. Such was the status of the case when it appeared in the Supreme Court of the United States and the opinion there opens with the observation, agreeing with Mr. Justice Traynor of the California Supreme Court, that “‘[d]enial of counsel on appeal [to an indigent] would seem to be a discrimination at least as invidious as that condemned in Griffin v. People of State of Illinois * * *.’ ” [1]
The United States Supreme Court held that a defendant convicted of a felony [as it was there] had the organic right to be represented by counsel in an appeal from the conviction in the trial court and summarized its holding in the following language:
“ * * * In California, however, once the court has ‘gone through’ the record and denied counsel, the indigent has no recourse but to prosecute his appeal on his own, as best he can, no matter how meritorious his case may turn out to be. The present case, where counsel was denied petitioners on appeal, shows that the discrimination is not between ‘possibly good and obviously bad cases,’ but between cases where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor man cannot. There is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel’s examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself. The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal.”
Whatever doubt might linger as to the effect of the decision of the Supreme Court of the United States in Douglas v. People of State of California, supra, is dispelled when one considers the concluding paragraph of Mr. Justice Harlan’s dissenting opinion in which he states
“I cannot agree that the Constitution prohibits a State in seeking to redress economic imbalances at its bar of justice and to provide indigents with full review, from taking reasonable steps to guard against needless expense. This is all that California has done. * * * ”
Regardless of my personal views concerning the matter and the question of whether or not an indigent accused can ever be afforded the same degree of protection as the rich man, the question has now been foreclosed by the highest arbiter of the Constitution of the United States and that holding is binding upon me.
In conclusion it should be observed that I do not hold here that the right to counsel extends beyond the first appellate court to whom an appeal may be taken from a judgment of conviction. This question was also alluded to in Douglas v. People of State of California when the Court said:
“ * * * We are dealing only with the first appeal, granted as a matter of right to rich and poor alike * * * from a criminal conviction. We need not now decide whether California would have to provide counsel for an indigent seeking a discretionary hearing from the California Supreme Court after the District Court of Appeal had sustained his conviction * * * or whether counsel must be appointed for an indigent seeking review of an appellate affirmance of his conviction in this Court by appeal as of *803 right or hy petition for a writ of certio-rari which lies within the Court’s discretion.”
I concur in the remainder of the concurring opinion filed by Justice Barns.
O’CONNELL, J., concurs.

. 351 U.S. 12, 76 S.Ct 585, 100 L.Ed 891, 55 A.L.R.2d 1055.