SHANNON, Acting Chief Judge.
Appellant has filed this appeal from an order which denied him relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix.
Appellant was charged with breaking and entering and grand larceny. After the jury returned a verdict of guilty, the appellant was sentenced to serve seven years in the state prison.
The sole question presented in this appeal is whether a movant for post-conviction relief may properly complain that his privately-retained counsel failed to appeal his judgment and sentence, where said counsel had been requested and paid to do so. (The appellant has a different attorney representing him in this appeal under Criminal Procedure Rule One.)
There are no Florida cases directly passing on this point, but there are several federal cases which have arisen under the federal equivalent of Florida’s Criminal Procedure Rule One. (See 28 U.S.C.A. § 2255.) The general rule in the federal courts is that the failure to appeal may not be excused upon a mere showing of neglect of counsel. There must be a further showing that there was plain reversible error in the trial. Ramsey v. United States, D.C.Tenn.1963, 223 F.Supp. 605; Mitchell v. United States, C.A.1958, 103 U.S.App.D.C. 97, 254 F.2d 954, Cert. Denied (1962), 371 U.S. 838, 83 S.Ct. 64, 9 L.Ed.2d 73; United States v. Peabody, D.C.Wash.1958, 173 F.Supp. 413, Cert. Denied (1959), 361 U.S. 841, 80 S.Ct. 91, 4 L.Ed.2d 79; and Dennis v. United States, C.A.S.C.1949, 177 F.2d 195.
Appellant’s brief raises only one issue in' this appeal — the neglect of appellant’s original attorney to file a notice of appeal. There are no allegations of any errors-which occurred at appellant’s trial. We hold that the allegation of neglect of counsel to file a notice of appeal without a; showing of any reversible error occurring at the trial will not entitle an appellant to post-conviction relief pursuant to Criminal Procedure Rule One.
Affirmed.
LILES and HOBSON, JJ., concur.