SPECTOR, Judge.
Appellant seeks to have reviewed an order denying his motion to vacate the judgment of conviction and twenty-year sentence imposed upon him after he pled guilty to the crime of assault with intent to commit murder.
At the time of the commission of the crime charged, appellant was an inmate of the state penitentiary as was his victim. Appellant’s brief contends that it was really not his fault that the assault occurred. Rather, he states, the fault lay with his custodians whom he had warned of his intentions as to the victim. Further pursuing his exculpatory stance, appellant professes that he was driven to the doing of the deed by a “somatic” affliction which compelled him to assault the victim of the crime to which he pled guilty.
*663 Appellant’s motion is grounded on the proposition that he was deprived of constitutional protection because he was not provided with counsel immediately upon the commission of his assault upon his fellow prisoner. This is of no moment. He pled guilty voluntarily after waiving his right to counsel. The record in this cause shows that appellant was questioned meticulously by the trial judge as to his understanding of the charges against him and the consequence thereof should he plead guilty. The trial judge was amply supported in his finding that the appellant voluntarily and intelligently waived his right to counsel and pled guilty. Mitchell v. State, 175 So.2d 52 (Fla.App. 1st 1965). No showing was made by the appellant that his guilty plea or waiver of counsel were involuntary.
Appellant’s efforts to lay the blame for his predicament at the feet of his custodians is not an unfamiliar tune. He states in his plea that his conviction be set aside that he had warned the prison personnel of his urge to kill his victim. Indeed, appellant’s motion even confesses that this intent was communicated to his victim, causing the latter to seek a change in job and living quarter assignments in the hope of displacing himself as the target of appellant’s “somatic” tension. These circumstances, however, form no legal foundation for the relief appellant seeks.
The record on appeal amply reflects that the circumstances surrounding the appellant’s waiver of counsel and plea of guilty to the crime charged more than support the trial judge’s finding that the waiver and plea were both voluntary.
An additional ground upon which appellant predicates his motion to vacate judgment and sentence is that within the time for taking a direct appeal appellant filed a motion for appointment of counsel for the purpose of prosecuting a direct appeal. Said motion was denied by the trial judge for the stated reason that DeMotte had knowingly and intelligently waived the appointment of an attorney and voluntarily pled guilty to the crime charged.
In Douglas et al. v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, the Court held that the sixth and fourteenth amendments of the United States Constitution require the assistance of counsel for an indigent appellant for a direct appeal.
This State’s highest Court held in State v. Weeks, 166 So.2d 892, that a person making a direct appellate assault upon a judgment of conviction has an organic right to aid of counsel. Earlier the District Court of Appeal, Second District, in Donald v. State, 154 So.2d 357, held that the rule announced in Douglas, supra, was binding in this State. In Weeks, supra, it was recognized that a direct appeal was regarded as a critical step in a criminal prosecution. Although there appears nothing on the record before us to indicate the existence of reversible error in the process by which appellant was convicted, a question on which we do not now rule, appellant has apparently elected to exercise his right to direct appeal and to that end he was entitled to .appointment of counsel. His motion to vacate is directed to the error which resulted from the denial of his motion for appellate counsel.
The order appealed denying appellant’s motion for postconviction relief is therefore vacated, and the jurisdiction of this Court is temporarily relinquished to the trial court for the entry of an order appointing counsel to prosecute a full appellate review by way of habeas corpus to be applied for in this Court. See Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967).
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.