PEARSON, Judge.
Appellant was found guilty of rape and sentenced to life imprisonment. He appeals the summary denial of his second petition pursuant to Criminal Procedure Rule One, F.S.A. ch. 924 Appendix. He urges that he is entitled to a hearing in the trial court upon his allegation:
“That after the Defendant’s conviction he was insolvent and financially unable to employ counsel to represent him or [sic] his appeal, that [sic] he was not informed by his attorney or by the court if he was not able to employ counsel for this appeal that the court would employ counsel for him”.
It was further alleged that defendant was indigent and that defendant was unlearned in the law.
It is true that the denial of the assistance of counsel for a direct appeal may, where other facts are present, constitute a ground for relief under Criminal Procedure Rule One. See State v. Weeks, Fla.1964, 166 So.2d 892; Donald v. State, Fla.App.1963, 154 So.2d 357; DeMotte v. State, Fla.App. 1967, 203 So.2d 662.
In Jackson v. State, Fla.App. 1964, 166 So.2d 194, we held that a petition alleging the refusal of the appointed counsel to prosecute an appeal stated sufficient grounds for an evidentiary hearing. See also Hinton v. State, Fla.App. 1965, 177 So. 2d 552. It will be noted that in the present petition the appellant does not say that he was in any way frustrated in his attempt to appeal but simply that no one told him that counsel would be furnished to him if he wished to appeal.
An allegation of this type was discussed in Pate v. Holman, 5 Cir.1965, 341 F.2d 764, 775 (1965). The Court stated that:
“ * * * an indig'ent’s right to appellate counsel, which Douglas recognizes as an ‘absolute’ right guaranteed under both the Equal Protection Clause and Due Process Clause, is not absolute in the sense that the right to trial counsel is absolute. It is not necessary that the trial judge initiate action toward the appointment of appellate counsel by advising a convicted person of his rights or by making any inquiry as to his indi-gency, although such minimal action at the time of sentencing seems highly desirable. * * * For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner’s inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights.”
See also Murray v. State, Fla.App.1966, 191 So.2d 292, Edge v. Wainwright, 5 Cir. 1965, 347 F.2d 190.
Affirmed.