214 So.2d 17 (1968)
Robert PIERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. J-488.
District Court of Appeal of Florida. First District.
August 13, 1968.
Rehearing Denied September 5, 1968.
*18 Robert Pierson, in pro. per.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
This is an appeal from an order of denial of a Criminal Rule 1, F.S.A. ch. 924 Appendix, motion wherein the grounds of said motion were:
(1) Petitioner was arrested without a warrant;
(2) Petitioner was given a lie detector test (which petitioner contends showed his innocence) which was withheld at time of trial;
(3) Petitioner was denied a preliminary hearing;
(4) Petitioner was furnished inadequate and improper representation, in that the court-appointed counsel neglected to discuss petitioner's case with petitioner after the court had found the petitioner guilty. [Petitioner alleges as a part of his 4th ground of his motion that Mr. Rudd (his appointed counsel) "told petitioner that he would be down at the County jail the following Friday to discuss the matter of an appeal. But petitioner alleges that Mr. John D. Rudd never did discuss this matter with him."]
The Judge of the Circuit Court to whom this motion to vacate was presented, was the same Judge who presided at the trial of the petitioner under the indictment. In denying the motion to vacate, the trial court pointed out that the appointed defense counsel did assert a vigorous defense of the *19 defendant and that any charges of neglect of counsel to properly defend the defendant before that court, were entirely without merit.
The first three grounds of petitioner's motion appear to be without merit, as found by the trial court, and with which we agree.
That portion of the fourth ground of the motion alleging that counsel did not discuss with him his appeal as he had promised to do so, gives us some concern and we think calls for some extended treatment by us to distinguish the same from the recent Federal cases of Baker v. Wainwright, 5 Cir., 391 F.2d 248, and Cruz v. Beto, 5 Cir., 391 F.2d 235.
In the case sub judice, the petitioner has not complained, as yet, that he was denied the right to appeal from the judgment and sentence of the court. His complaint seems to be against his counsel for failing to discuss his appeal.
In the case of Mitchell v. Follette,[1] the court considered and approved the earlier case of Kling v. New York, 381 U.S. 920, 85 S.Ct. 1539, 14 L.Ed.2d 440 (1965) wherein we find the court saying:
"We do not find what the Appellate Division said in Kling quite so decisive as suggested. On closer examination it seems rather a make-weight to support the ultimate conclusion that assigned counsel's failure to fulfill a promise to file a notice of appeal did not constitute state action giving rise to a constitutional claim. The point that the court, and hence the state, is not a surety for the proper performance of counsel, whether assigned or retained, * * * makes clear that this was the true basis for the Kling decision."
In said latter case it was observed that if assigned counsel was requested by the defendant to file notice of appeal and if counsel agreed to do so, he became, in effect, retained counsel.
As pointed out by our sister court in Nelson v. State (Fla.App. 4th, 1968) 208 So.2d 506:
"The duties of an attorney assisting a defendant at trial are not at an end after verdict and denial of his motion for a new trial. At this stage, it is his duty to advise with the defendant in respect to his right to an appeal on any nonfrivolous grounds and the time limitation as well as the advantages or hazards in event of success."
Said latter case points out also, that a defendant's right to appeal "as a matter of right" is granted by Constitution § 5(3) Article V, F.S.A., but that no attorney should be required to file an appeal that is purely frivolous. Further, that some error that is at least arguable as to its merits, must be shown in the motion before relief should be granted on a constitutional ground such as failure of defense counsel to appeal.
The record in the case sub judice does not reveal such error, but to the contrary, the trial court found none to exist.
In the case sub judice, Mr. Rudd was appointed by the court to defend the appellant in his trial before the Circuit Court. That was the extent of the appointment as far as the records before us reveal. That record does reveal, however, that subsequent to the trial in which the jury found the appellant guilty, Mr. Rudd continued to represent the appellant by appearing before the court in a hearing on a motion for probation, which was some two months after the conviction. Further, according to the wording in appellant's fourth ground of his motion under the Rule 1 proceeding, Mr. Rudd agreed to see appellant at the County Jail on Friday after the entry of judgment to discuss his appeal. In this case it is apparent that the defense counsel continued to represent the defendant after *20 conviction, as pointed out supra. This further action on the part of the attorney became a matter of agreement between the defendant and the attorney. This being true, as pointed out supra, this case does not fall within the provisions of Baker nor Cruz cases supra. In Cruz, supra, the defendant had requested and been denied counsel. In Baker, supra, the defendant's allegations were that his appointed trial counsel refused to represent him on appeal, and that he was not offered appellate counsel and did not waive this right to counsel on direct appeal. The court there held that from defendant's failure to request appointment of appellate counsel, it cannot be inferred that he, the defendant, "knowingly and intelligently" waived his right to the appointment of appellate counsel. The lower court was reversed and the cause remanded for an evidentiary hearing on the question of whether the defendant knowingly and intelligently waived his right to the appointment of appellate counsel.
The factual situation in the case sub judice is, therefore, different from either of the cases cited supra, in that it is apparent that the defendant knew he had a right of appeal and it is apparent from appellant's own statement that he was relying upon his attorney, Mr. Rudd, to advise him on his appeal. He had elected Mr. Rudd to handle the appeal for him, without asking the court for another attorney. Whether Mr. Rudd did or did not agree to meet with the defendant to discuss his appeal and whether they met or not, is not material in determining whether the appellant's constitutional rights were violated by the State's failure to go into detail as to his rights to and on appeal. Kling v. New York, supra.
It therefore appears to us that the trial court had a perfect right to assume that the defendant knew he had a right to appeal and that he had made his own arrangement for counsel by the fact that Mr. Rudd continued to represent the defendant in post-conviction hearing and the further fact that no request was made for additional counsel. It should not be overlooked that the appellant's motion for an order of insolvency, subsequent to the trial, came when the defendant wanted to appeal from the adverse ruling on his Rule 1 motion, which has been construed as a civil action, not calling for the appointment of counsel to represent the defendant therein nor on appeal therefrom, although the granting of the insolvency does permit the defendant to procure without cost a record and to dispense with the filing fee.
There does not appear any conflict in the record as to Mr. Rudd appearing in behalf of the defendant at a hearing before the court held the latter part of February, 1967, although the jury had convicted the defendant in December 1966. Further, there is no dispute with the allegations of appellant's motion that Mr. Rudd had agreed to see him and discuss his appeal on "the following Friday". An evidentiary hearing, in the absence of conflict in the evidence, is therefore unnecessary.
We recognize the constitutional right of appeal, whether indigent or not, and also recognize that under the prevailing Federal Court Decisions, it is incumbent upon the trial court to advise an indigent, not represented by counsel, of his right to appeal and that the cost thereof will be borne by the State, including the appointment and cost of an attorney to represent him on his first appeal, and we have no quarrel with these decisions; but, as in the case sub judice, where it is apparent to the trial court that the defendant has counsel the court is not required to assume that such counsel will not fulfill his duties to his client and in the absence thereof that the State will underwrite the failure of such counsel to perform. We think the trial court in this case was justified in assuming that defendant had counsel to advise him on the appeal.
Therefore, the Order appealed from is Affirmed.
WIGGINTON, C.J., and SPECTOR, J., concur.
NOTES
[1] United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2nd Cir., 1966).