PIERCE, Judge.
In this case appellant James Riley, Jr., appeals an order of the Pinellas County Circuit Court denying without hearing his motion to vacate, under former Criminal Procedure Rule No. 1, F.S.A. ch. 924 appendix, the judgment of conviction pre *767 viously entered against him in a criminal case.
Riley was originally charged in an information with uttering a forged money order, specifically that he had altered and raised a money order from $2.00 to $12.00. With Court-appointed counsel he appeared in open Court and entered plea of not guilty. Later he changed his plea to guilty, and after that was permitted to withdraw his guilty plea and change it back to not guilty. On August 16, 1965, upon trial by jury, he was found guilty as charged and was thereafter sentenced to a term of imprisonment.
Riley later filed motion to vacate the sentence under Rule 1. His motion was denied on June 30, 1966, and on March 1, 1967, this Court upon appeal affirmed the trial Court. Thereafter, on February 2, 1968, Riley filed his present motion to vacate in the Circuit Court, and on February 14, 1968, the Circuit Judge again denied the motion. After Riley appealed said last order of denial to this Court, present counsel was appointed by the trial Court to represent him here.
The basis for the Circuit Court’s instant denial order is that Riley had already raised substantially, in a prior motion, the same grounds he was currently relying on, and which ground had already been determined adversely to him and such ruling upheld upon appeal. The record filed here in the instant appeal sustains such ruling.
The motion of June 27, 1966 relied upon the ground that his trial counsel appointed by the Court would not discuss or talk with him about appealing his conviction. This is virtually the identical ground raised in the present motion as the only basis for seeking post-conviction relief. The order here appealed was properly entered under authority of Walker v. State, Fla.App.1967, 201 So.2d 818; Colebrook v. State, Fla.App.1966, 191 So.2d 309; and Fields v. State, Fla.App.1967, 202 So.2d 226.
Particularly is this true where a prior denial upon substantially the same ground has been affirmed on appeal. Thompson v. State, Fla.App.1966, 187 So.2d 363. Courts should be spared the harassment of successive motions by the same prisoner containing repetitious grounds. Piehl v. State, Fla.App.1965, 173 So.2d 723.
Also, the current motion was insufficient upon its face. The mere fact that his trial counsel refused to take an appeal does not ipso facto constitute valid ground for later relief under former Rule 1. There must be a showing of existence of reversible error occurring during his trial which might have reasonably prompted a reversal on appeal. This Court has so heretofore held. See Milligan v. State, Fla.App.1967, 194 So.2d 663, and the Federal cases cited therein. No such showing was even attempted here.
The order appealed from is accordingly affirmed.
Affirmed.
LILES, C. J., and MANN, J., concur.