LILES, Chief Judge.
Appellant appeals from a denial of his third motion to vacate judgment and sentence made pursuant to CrPR 1.850, 33 F.S.A.
Since being incarcerated appellant has filed three motions to vacate. The first two were also denied, the second being affirmed on appeal to this court at 205 So.2d 716. He has twice been denied habeas corpus relief in the federal courts.
Appellant’s third motion to vacate, the subject of this appeal, alleges that the court erred in failing to instruct on the lesser included offenses of assault with intent to commit robbery.
Our review of the records of appellant’s case reveals that the court only instructed as to the offense charged and did not instruct on lesser included offenses, as alleged in the motion. However, this court cannot consider the merits of appellant’s contention because instructions to the jury are not subject to collateral attack and are unacceptable as grounds for post-conviction relief. Lawson v. State, Fla.App. 1968, 215 So.2d 790; Devlin v. State, Fla.App.1966, 192 So.2d 786; Baxley v. State, Fla.App.1966, 192 So.2d 510. This alleged error could have properly been raised on direct appeal, but was not.
We also note that appellant would not have prevailed had he raised this point in his direct appeal since he failed to request the instruction he now says was erroneously omitted, and he did not object to *43 the instructions that were given. He .therefore waived the lesser offense privilege. See Brown v. State, Fla.1968, 206 So.2d 377.
Affirmed.
HOBSON and PIERCE, JJ„ concur.