SPECTOR, Judge.
Appellant seeks reversal of the trial court’s order denying his motion to vacate and set aside the judgment and sentence of fifteen years imposed upon him pursuant to a plea of guilty entered by him to a charge of armed robbery.
In 1962, appellant and his associates held up an armored car and made off with over $82,000 belonging to the Jacksonville Ken-riel Club, Inc. He entered his guilty plea in May of 1962 after withdrawing a prior not-guilty plea. In addition to this charge of armed robbery, appellant’s motion to vacate states that at the time he had pending against him charges of armed robbery of a liquor store as well as four other unspecified armed robberies.
As his ground for his motion to vacate, appellant contends that his guilty plea to these charges was involuntary in that he was induced by false promises of lenient sentences if he cooperated by entering his guilty plea. In effect, he complains to us that he was tricked. Yet his own motion tells us that the liquor store robbery to which he pled guilty at the same time resulted in a deferred sentence and that four other armed robbery charges against him were nolle pressed. This does not impress us as proof that he was shortchanged as he claims.
An evidentiary hearing was held by the lower court on appellant’s motion. His trial defense counsel testified that no promises were made by the prosecution or the court regarding the sentence to be meted out in the event appellant pled guilty. A review of the transcript of the trial defense lawyer’s testimony at the hearing below convinces us, as it did the trial court who was sitting as the trier of fact in the *458 premises, that appellant’s lawyer simply made a tactical judgment, weighing the various possible prices that his client might have to pay if they were to go to trial on all of the charges, and decided, wisely, we think, that much more might be gained by pleading guilty than by going to trial. Section 813.011, Florida Statutes, F.S.A., authorizes the imposition of a life sentence or any lesser term of years at the court’s discretion upon conviction of armed robbery. We do not understand how appellant can now contend that he was tricked into pleading guilty to one charge of armed robbery for which he received only a fifteen year sentence when by his own admission the disposition of the State’s cases against him resulted in getting eliminated four potential life sentences.
We affirm the trial court’s finding that appellant failed to demonstrate that his guilty plea was coerced or the result of promises, threats, or any improper influences. On the contrary, we hold as did the trial court that it was a voluntary guilty plea.
In addition to appellant’s claim of a coerced guilty plea, he contends in his supplemental ground for relief under Criminal Rule 1.850, 33 F.S.A., which was also considered by the trial court, that he was denied the right to a direct appeal when, being unsatisfied with the sentence he received pursuant to his plea, the court denied his motion to modify his sentence and to withdraw his guilty plea. Although we are not favored with any record showing that there were such motions made, the appellant’s trial counsel who appeared as a witness at the evidentiary hearing before the trial court testified that such motions were made and denied. He also testified that thereupon he made a motion in appellant’s behalf for an order of insolvency so that he might pursue an appeal and that said motion was denied by the trial court on the grounds that there were no substantial grounds for an appeal. As is the case with the motions to modify and to withdraw the plea, the record before us fails to reflect whether such motions were made on the dispositions thereof. It is argued by the State that in the absence of a record showing of such motions, we are foreclosed from considering the rulings thereon since no proper foundation exists. We agree. The courts of this State have so held in a long line of cases exemplified by Wilder v. Altman, 179 So.2d 250 (Fla. App.3d 1965), wherein the court stated at page 251:
“ * * * It is incumbent upon the appellant to present a record which is sufficient to support the points raised on appeal.” (Citations omitted)
Although the foregoing discussion of the law applicable to the issues raised by the appellant are sufficient to require an affirmance of the learned trial judge’s order which denied appellant the relief he seeks by way of being afforded a late or delayed appeal because of the insufficiency of record, there is another and perhaps more compelling reason requiring us to hold that appellant is not entitled to a delayed appeal under Hollingshead v. Wainwright, Fla., 194 So.2d 577. Nowhere does appellant set forth some error that is at least arguable as to its merits upon which he would rely for reversal if he were afforded the full appellate review which he claims he was deprived of some seyen years ago and which he seeks under the supplement to his motion.
Appellant contends that he is entitled to a delayed full appellate review without regard to the existence of arguable reversible errors and in support of this, he cites DeMotte v. State, Fla.App., 203 So.2d 662. Our reading of DeMotte, written for the court by the author of this opinion, requires us to concede that the ruling there stands for the very proposition advanced by appellant. However, DeMotte is not the last opinion we have written on this fast developing subject; and, we dare say, this one will not be the last either.
*459 After DeMotte, we decided Pierson v. State, Fla.App., 214 So.2d 17. There, following the reasoning of Judge Barns’ opinion in Nelson v. State, 208 So.2d 506 (Fla.App.4th 1968), we held:
“ * * * a defendant’s right to appeal ‘as a matter of right’ is granted by Constitution § 5(3), Article V, F.S.A., but that no attorney should be required to file an appeal that is purely frivolous. Further, that some error that is at least arguable as to its merits, must be shown in the motion before relief should be granted on a constitutional ground such as failure of defense counsel to appeal.” (Emphasis supplied)
Thus, in Pierson, supra, this court went beyond our earlier ruling in DeMotte and held in effect that not only must there be a showing of frustration by state action of a convicted person’s desire to appeal, but also that upon such person’s postcon-viction proceeding instituted for the purpose of obtaining a full appellate review under the Hollingshead doctrine there must be a showing of existence of reversible error occurring during his trial which might have reasonably prompted a reversal on appeal. In so holding, this court went beyond DeMotte and aligned itself with the views of our sister appellate courts in Nelson v. State, supra; Jackson v. State, 166 So.2d 194 (Fla.App.3d 1964); Milligan v. State, 194 So.2d 663 (Fla.App.2d 1967); and Riley v. State, 214 So.2d 766 (Fla. App.2d 1968). We think these cases reflect the better view, for to hold otherwise would be placing into motion quite needlessly the expensive judicial machinery paid for by the taxpayers to afford a full appellate review where no arguable reversible errors are even alleged to have occurred.
Accordingly, we recede from that portion of our decision in DeMotte, supra, which holds that it is unnecessary to advance arguable reversible error during trial as a prerequisite to consideration of this class of cases wherein a convicted person claims frustration of his right to appeal.
Appellant having failed to demonstrate error by the entry of the order appealed, the same must necessarily be
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.