222 So.2d 30 (1969)
Bruce Eugene BARNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 68-365.
District Court of Appeal of Florida. Second District.
April 25, 1969.
Joseph G. Spicola, Jr., Public Defender, and Richard C. Edwards, Asst. Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal by appellant Bruce Eugene Barnett from an order entered by the Hillsborough County Criminal Court of Record denying his motion to vacate the previous judgment and sentence entered against him in that Court on December 8, 1956, consequent upon a jury verdict convicting him after trial upon information charging robbery and imposition of sentence therefor of fifteen years in the State prison.
Thereafter, on June 13, 1968, Barnett filed the instant motion to vacate the judgment of conviction and sentence aforesaid, assigning some four different "grounds" therein as basis for the motion. On June 27, 1968, the trial Court summarily denied the motion to vacate, finding that "the defendant had counsel throughout all proceedings before this Court and that he has *31 not set forth sufficient allegations to entitle him to relief under Criminal Rule One Procedure". From such order Barnett filed notice of appeal in proper person, and since that time he has been represented by competent counsel in the appeal to this Court.
Only two matters set forth in the motion are worthy of discussion. They are: (1) the necessity per se of counsel at arraignment, and (2) whether the failure or refusal of trial counsel to directly appeal the conviction, in and of itself, warrants vacation of judgment upon post-conviction motion. We will briefly discuss these matters seriatim.

(1) The necessity of counsel per se at arraignment.

It may be conceded, for sake of consideration of this point, that arraignment and entry of plea is a "critical stage" of the trial process. But while the presence of counsel is constitutionally vouchsafed to defendant at all "critical stages", it does not necessarily follow that, upon a collateral post-conviction motion under Rule 1.850, CrPR 33 F.S.A., lack of counsel at arraignment ipso facto warrants setting aside the judgment of conviction after trial.
In the case sub judice, the record before this Court does not show that at arraignment Barnett was attended by counsel. But at his arraignment he entered a plea of not guilty to the charge against him, he was thereafter represented by Court-appointed counsel, he stood trial, was found guilty by a jury, and thereafter was adjudged guilty by the Court and sentenced accordingly. During all the stages of the trial subsequent to the arraignment, he was represented by such counsel.
The 3rd District Court in two cases, Ingrim v. State, Fla.App. 1964, 166 So.2d 805, and Gobie v. State, Fla.App. 1966, 188 So.2d 33, has held that a defendant, moving for post-conviction relief, under identical circumstances, was not constitutionally entitled to counsel. We follow this rule because "no prejudice was shown to have resulted therefrom."
We would probably hold differently if the accused had pleaded guilty without counsel at the time of arraignment. But upon his plea of not guilty, he was thereafter accorded a trial at which all his organic rights as an accused charged with crime were protected.
We hold that being merely deprived of counsel at the arraignment, without any showing of prejudice resulting therefrom, is no valid ground for a post-conviction motion. This 2nd District Court so held in Sampson v. State, Fla.App. 1965, 177 So.2d 542, wherein it was held as follows:
"Defendant Sampson was charged with robbery in two separate informations. He was not represented by counsel at arraignment, at which time he pleaded not guilty.
The Public Defender was appointed to defend him, he was tried and convicted by the jury upon one of the charges, and was sentenced to serve thirty years in prison. * * *
The question before the court is whether under the circumstances of this case the defendant was entitled to representation by counsel at the time of his arraignment. Arraignment can become a critical stage in the prosecution of a criminal charge. Such would be the case where a defendant has pleaded guilty without benefit of counsel, which right had not been waived, as in McMillan v. State, Fla.App. 1965, 177 So.2d 68, opinion filed June 16, 1965, and later, after obtaining counsel, attempted to change his plea to not guilty and the court denied such request in accordance with the provisions of § 909.13, F.S.A.
In the matter before the court here, arraignment was not a critical stage in the prosecution process in that he was not prejudiced in any way by being arraigned without counsel. Sardinia v. State, *32 Fla. 1964, 168 So.2d 674; Ingrim v. State, Fla.App. 1964, 166 So.2d 805."

(2) Where a convicted defendant has not directly appealed his conviction because of the failure or refusal of his trial counsel to take such appeal, is this, in and of itself vel non, sufficient ground to vacate a conviction by a subsequent collateral motion under CrPR 1.850?

For quite some time the appellate Courts of this State made various divergent rulings as to whether it was necessary for such a post-conviction motion alleging the failure, refusal, or neglect of trial counsel to take a requested direct appeal from the conviction, to go further and allege in such motion colorable error or irregularity in the trial that could reasonably result in the reversal of the judgment upon direct appeal.
It is unnecessary to pause here to cite or discuss the several cases, pro and con, upon this issue. This is so because apparently all four District Courts are now uniform in the holding that such probable trial error must be alleged in the motion. This 2nd District Court so held in Milligan v. State, Fla.App. 1967, 194 So.2d 663, and Riley v. State, Fla.App. 1968, 214 So.2d 766. The 3rd District Court so held in Murray v. State, Fla.App. 1966, 191 So.2d 292, following Jackson v. State, Fla.App. 1964, 166 So.2d 194. The 4th District Court held accordingly in Nelson v. State, Fla.App. 1968, 208 So.2d 506. And the 1st District Court, after first holding to the contrary in DeMotte v. State, Fla.App. 1967, 203 So.2d 662, later indicated a wavering of views on the point in Pierson v. State, Fla.App. 1968, 214 So.2d 17, but finally in Robertson v. State, Fla.App., 219 So.2d 456, opinion filed on March 4, 1969, expressly receded from DeMotte and held that "there must be a showing of existence of reversible error occurring during * * * [the] trial which might have reasonably prompted a reversal on appeal * * *, for to hold otherwise would be placing into motion quite needlessly the expensive judicial machinery paid for by the taxpayers to afford a full appellate review where no arguable reversible errors are even alleged to have occurred." This substantially expresses our views in Milligan and Riley.
As before stated, the two grounds mentioned are the only points in Barnett's motion to vacate that warrant or merit discussion here. So the order appealed summarily denying the motion must be 
Affirmed.
LILES, C.J., and McNULTY, J., concur.