PIERCE, Judge.
Appellant Nathaniel Williams appeals to this Court from an order denying without hearing a motion for post-conviction relief under CrPR 1.850, 33 F.S.A.
On March 25, 1955, information was filed in the Hillsborough County Criminal Court of Record charging Williams with armed robbery. On July 15, 1955, he was tried and convicted by a jury, was adjudged guilty, and on the same day was sentenced to serve 15 years in the State Prison.
Almost 14 years later, on May 7, 1969, Williams filed motion under CrPR 1.850 to vacate the judgment and sentence, contending in substance (a) that the trial Judge “erred by not instructing the jury” upon the “lesser included offense of * * larceny”, and (b) that “petitioners defense counsel prevented petitioner from taking an appeal by failing to inform petitioner that he had the right to appeal his case”. On May 19, 1969, the trial Court entered order denying without hearing the motion to vacate, from which order this appeal comes to this Court.
(a) At the trial Williams was represented by his privately employed counsel, Honorable Oscar Norton, now deceased. The record before this Court does not show, nor did Williams’ motion to vacate allege, that any objection was made at the trial to the giving or failure to give any instruction with reference to a “lesser included offense”. In the absence of such objection or request any error with respect to the instructions to the jury is deemed to have been waived and could not even be raised upon direct appeal from a judgment of conviction, let alone upon a collateral attack in seeking post-conviction relief. Grace v. State, Fla.App. 1968, 206 So.2d 225; Burkhead v. State, Fla.App. 1968, 206 So.2d 690; Pinkney v. State, Fla.App. 1969, 219 So.2d 42.
(b) As hereinbefore stated, Williams was represented at his trial by privately retained counsel. There is no allegation in his motion to vacate that his counsel failed or refused or neglected to take a direct appeal from the conviction, or that Williams requested him so to do; but even if all these elements together had been alleged, the motion would still have stated no ground for setting aside the judgment. This Court, in Barnett v. State, Fla. App.1969, 222 So.2d 30, held that it is necessary for such a post-conviction motion, even though it alleges any or all of the foregoing elements, must “go further and allege in such motion colorable error or irregularity in the trial that could reasonably result in the reversal of the judgment upon direct appeal”. In Barnett we pointed out that all four District Courts of Appeal are now in accord on the proposition, citing cases from each jurisdiction where it has been so held. The instant motion to vacate makes no allegation that, even if a direct appeal had been taken from the judgment of conviction, there would have been any cause or ground “that could reasonably result in the reversal of the judgment”.
The order appealed from is therefore affirmed.
Affirmed.
HOBSON, C. J., and MANN, J., concur.