SMITH, Judge.
Tobler prosecutes this pro se appeal from a circuit court order denying his motion to vacate his judgments and consecutive sentences for five offenses. Fla.R.Cr.P. 3.850. Tobler’s motion urged he was denied the effective assistance of counsel to prosecute an appeal following his conviction, that he was improperly subjected to five consecutive sentences, and that the trial court denied him due process of law by denying his motion to suppress evidence of statements made by Tobler while in custody.
Approximately a year ago, the Public Defender for the Fourth Judicial Circuit presented to us, in Tobler’s behalf, a petition for leave to file a notice of appeal out of time in keeping with the principles with Baggett v. Wainwright, 229 So.2d 239 (Fla.1969) and Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), cert. den., 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968). The petition represented that, immediately following Tobler’s conviction and sentence, To-bler advised the assistant public defender who represented him under appointment at trial that he wished to appeal; that through inadvertence the assistant public defender failed to qualify Tobler as still indigent and entitled to appointed counsel on appeal, and failed to file a notice of appeal; and, consequently, that Tobler was entitled to a tardy appeal. Without opinion we denied To-bler’s petition for a “Hollingshead appeal,” conceiving that any post-sentence neglect by Tobler’s former appointed counsel could not be attributed to the State and that no relief by way of tardy appeal should be granted one whose petition made no assertion of error in the judgment and sentence.
On reconsideration of the case in its present posture, we are persuaded we erred in denying Tobler a “Hollingshead appeal.” It was not a prerequisite for that relief that Tobler assert some arguably reversible error. Baggett rejected that proposition, previously approved in Robertson v. State, 219 So.2d 456 (Fla. 1st DCA 1969). It also appears that the appointment at trial of the Public Defender for the Fourth Judicial Circuit as Tobler’s counsel should be considered as extending beyond judgment and sentence for the purpose of qualifying the defendant, on his timely request, for appointed appellate counsel. That is so whether counsel’s duty is considered as *556 within the terms of his original appointment or simply as a matter of the defendant’s reasonable expectation of the Public Defender as a State officer and Tobler’s former counsel. See Leggett v. Wainwright, 297 So.2d 605 (Fla. 1st DCA 1974), app. dism., 308 So.2d 115 (Fla.1975); Thompson v. Dilley, 275 So.2d 234 (Fla.1973).
To remedy the loss of a timely appeal from the judgments and sentences by which Tobler is now confined, we will consider the present appeal as sufficient to preserve for review the judgments and sentences imposed by the circuit court on July 7, 1976. Without a further showing of indigency, the Public Defender for the Second Judicial Circuit is appointed to represent Tobler on this appeal. Pursuant to his directions the clerk of the circuit court will prepare and transmit with dispatch the record on appeal. Assignments of error are dispensed with. Within 30 days after transmittal of the record on appeal, or within such other time as the court may allow, appellant’s brief will be filed. Upon filing of the State’s brief within 30 days thereafter, consideration of this cause will be expedited.
BOYER, Acting C. J., and MILLS, J., concur.