COBB, Judge.
Attorney Rick Kolodinsky has filed a “motion” for attorney’s fees with this Court, which we elect to treat as a petition for common-law certiorari to review an order of the circuit court dated February 24, 1983, denying fees for certain work done by the attorney. Kolodinsky, a private practitioner, was appointed by the respondent, Circuit Judge C. McFerrin Smith, III, as special counsel to represent the defendant Ehn, who was charged with multi-count felonies in circuit court. The appointment was based upon Ehn’s indigency and a conflict on the part of the public defender. See § 27.53(3), Fla.Stat. (1981). In the course of his representation, Kolodinsky filed a motion for discharge of Ehn pursuant to the “speedy trial” rule. The respondent denied that motion, and a petition for writ of prohibition was filed with this court. We granted the writ and ordered Ehn discharged from custody. Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1983).
Kolodinsky then applied to the trial court for the award of a reasonable attorney’s fee for his services, including the work he did in respect to the petition for prohibition. The respondent refused to enter any award for such work, and set forth the bases for such refusal in the order dated February 24, 1983, which reads:
THIS CAUSE is before the Court on the defendant’s combined Motion to Tax Costs and Attorney’s Fees.
A review of exhibit A discloses that Counsel has combined in his time sheet the time he spent on circuit court case numbers 82-1187-BB and 82-954-CC and Fifth District Court of Appeal Case number 82-1422.
DCA case number 82-1422 appears to have been a civil case of original jurisdiction styled Ralph Eric Ehn, Petitioner, vs. Honorable C. McFerrin Smith, III, Respondent. No order of this Court was ever entered appointing an attorney to represent the defendant before the Fifth District Court of Appeal. This Court has no jurisdiction over any matter concerning a case of original jurisdiction in a district court of appeal. Further, if a circuit judge ever did acquire jurisdiction over such a case, Canon 3C(l)(d) of the Code of Judicial Conduct would prohibit the Respondent, a party, from ever engaging in any judicial activities in that case.
Accordingly, the defendant is hereby ordered and directed to file an amended Motion, deleting any time or cost attributable to DCA case number 82-1422.
This order is erroneous, and, if allowed to stand, would tend to discourage full and effective representation of indigent defendants by appointed counsel. When Kolodin-sky was appointed to represent Ehn, it clearly was his responsibility to pursue any and all usual remedies available to his client. Hammond v. State, 264 So.2d 463 (Fla. 4th DCA 1972). One of those available remedies was a motion to discharge *581 under the speedy trial rule, and the vehicle to secure that relief is a petition for writ of prohibition to review the trial judge’s denial of the . motion. Sherrod v. Franza, 427 So.2d 161 (Fla.1983). The trial judge is only a nominal, not an interested, party in such an action. As a matter of law, the appointment of Kolodinsky to. represent Ehn extended through the final judgment of discharge. See Tobler v. State, 350 So.2d 555 (Fla. 1st DCA 1977).
The order quoted above is quashed, and this cause remanded to the circuit court for hearing on reasonable attorney’s fees for Attorney Kolodinsky’s services, which shall include those rendered in the prohibition proceeding and in regard to this petition. Notice of, such hearing shall be afforded to the County Attorney of Volusia County.
ORDER QUASHED; CASE REMANDED.
DAUKSCH and SHARP, JJ., concur.