596 So.2d 1213 (1992)
Simon Vester HUDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2903.
District Court of Appeal of Florida, First District.
April 8, 1992.
Simon Vester Hudson, pro se.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Simon Vester Hudson has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand for further proceedings on the motion.
Hudson's motion sought a belated appeal alleging the ineffective assistance of counsel in failing to file an appeal despite Hudson's request that he do so. The trial court summarily denied the motion, in that Hudson did not allege or show that reversible error occurred at his trial, citing Milligan v. State, 194 So.2d 663 (Fla. 2d DCA 1967) (allegation of neglect of counsel to file a notice of appeal without a showing of any reversible error occurring at the trial will not entitle an appellant to post-conviction relief).
Hudson argues that the order must be reversed based on the trial court's failure to attach those portions of the files and records conclusively showing no entitlement to relief. The state also urges reversal, with instructions either to attach those portions of the files and records refuting Hudson's allegation, or to hold an evidentiary hearing on that allegation.
A claim of ineffective assistance of counsel based on the failure to file a notice of appeal is properly raised in a motion pursuant to Rule 3.850. State v. *1214 District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990). A defendant states a colorable claim of ineffective assistance with allegations that he made a timely request for an appeal, and that counsel failed to honor it. Dortch v. State, 588 So.2d 342 (Fla. 4th DCA 1991); Smith v. State, 592 So.2d 1208 (Fla. 2d DCA 1992). These cases do not require that the motion show or allege that reversible error occurred at trial, and at least one court has affirmatively held that entitlement to a belated appeal in a criminal case is not dependent on a preliminary showing on the merits. Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992).
Based on the foregoing authorities[1], we reverse the trial court's order summarily denying Hudson's motion, and remand for further proceedings on that motion.
JOANOS, C.J., and ERVIN and WIGGINTON, JJ., concur.
NOTES
[1] Although our decision may technically be in conflict with the Milligan decision cited by the trial court, we believe that that case has been effectively overruled by the authorities cited herein.