CARROLL, DONALD, K., Judge.
This cause came on to be heard upon an order to show cause issued by this court against John E. McCarey, an attorney and member of The Florida Bar, and upon his return thereto. This cause arose out of the following situation:
On February 18, 1957, a notice of appeal was filed in the Circuit Court for Leon County, Florida, in the case of Marvin Griffith, Appellate, v. State of Florida, Appellee. On February 25, 1957, the appellant filed his assignment of error, the said McCarey signing this paper as the attorney of record for the appellant. As such attorney, McCarey, on May 14, 1957, filed the appellant’s directions to the clerk. On December 3, 1957, the Attorney General of Florida, as counsel for the appellee, State of Florida, filed a motion in this court to dismiss the appeal for the reason that the time for the filing of the appellant’s brief expired on or about October 25, 1957, and that no brief had yet been filed as of December 3, 1957. However, on January 2, 1958, the Attorney General filed a motion in this court to withdraw his motion to dismiss for the reason that appellant had since filed his transcript of record. On the same date this court entered an order granting the Attorney General’s motion to withdraw his motion to dismiss, but this court further held in its order that upon inspection of the record “it affirmatively appears that the appellant has failed to prosecute his appeal as required by the rules of this court and is thereupon ordered that the appeal be and the same is hereby dismissed pursuant to the provisions of Rule 6.13, Florida Appellate Rules [31 F.S.A.]”. On January 6, 1958, the appellant, Marvin Griffith, through his new attorneys, Turn-bull and Hill of Tallahassee, filed in this court what was denominated a “Motion for Stay of Execution and Recall of Mandate or, in the alternative, Motion for Super-sedeas”, which motion was sworn to by Griffith, who alleged in the motion that he, in good faith, employed the said McCarey, then an attorney practicing in the second judicial circuit, to represent him in the appeal from the Circuit Court of that circuit, that he made proper financial arrangements with the said attorney, and that Mc-Carey, without notice to Griffith and without giving Griffith an opportunity to secure other counsel, removed himself from this *815 circuit. The motion continued: “Defendant further alleges that he has not, in truth and in fact, had his day in court on this appeal, through no fault of his own, but through the fault of one who held himself out as a duly qualified attorney, and who undertook the employment, but who subsequently thereto failed to perform. The constitutional rights of defendant to have the merits of his case decided by this Court of Appeal should not be defeated by the unprofessional conduct of a member or former member of the Bar of this State. The law of Florida is clear that the Courts may relieve a party against the fault or neglect of his attorney, and should do so where a clear failure of justice would otherwise result. Waterson v. Seat & Crawford, 10 Fla. 326; Tidwell v. Witherspoon, 18 Fla. 282; Beasley v. Girten (Fla.1952) 61 So.2d 179.” Subsequently, on January 16, 1958, this court entered an order to show cause directed to McCarey, reciting that the verified motion had stated “ * * * that John E. McCarey, a practicing attorney of this court, the attorney of record for appellant at the time of the entry of appeal in the above entitled cause, was duly employed by appellant to perform the services required of an attorney in prosecuting said appeal on behalf of appellant, and that he, the said John E. Mc-Carey, failed to perform his duties in that behalf, as a result of which said appeal was dismissed, and that such failure to perform was not consequent upon withdrawal of said attorney from this cause with the consent of the court * * The order then directed McCarey to show cause before this court on February 11, 1958, why he should not be held in contempt for his failure to act in the premises. On April 2, 1958, this court entered an order reinstating the appeal in the case of Marvin Griffith v. State of Florida.
The said McCarey, on February 10, 1958, through his attorney, filed in this court his return to the order to show cause, admitting that in February of 1957 he undertook to prosecute the appeal for Griffith, and stating that in pursuance thereof he filed the notice of appeal, directions to the clerk, filed assignments of error, prepared and had approved a supersedeas bond, and did certain other things in connection with the appeal; that shortly thereafter McCarey removed his practice from Leon County to Dade County, Florida, about June 15, 1957, and on September 21, 1957, he moved his practice to Cocoa Beach, Brevard County, Florida. In his return McCarey set forth various reasons why he could not prepare and file his transcript of record by the time required by the rules and asserted that he at no time intended to abandon the appeal.
Upon further consideration of this matter, this court is of the opinion that correctly speaking this is not a case of contempt of this court. While members of the bar and the bench are engaged together in the administration of justice, a lawyer’s failure properly to prosecute an appeal and properly to represent his client is not truly a contempt of the appellate court, although it may well be a breach of his professional duty to his client.
It is well settled that a court has the inherent power to discipline lawyers practicing before it. State ex rel. Wolfe v. Kirke, 12 Fla. 278, 95 Am.Dec. 314; Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. 699; Petition of Florida State Bar Association, 134 Fla. 851, 186 So. 280; State ex rel. Sheiner v. Giblin, Fla., 73 So.2d 851; State ex rel. Florida Bar v. Murrell, Fla., 74 So.2d 221.
In this state The Florida Bar, in the integration rule adopted by the Florida Supreme Court, has been given considerable powers over the disciplining of attorneys in this state. The fact that the organized bar has this power and responsibility, however, does not mean that the courts are in any sense or to any degree relieved of their power and responsibility in the dis *816 ciplining of attorneys practicing before them. An attorney is an officer of the court, as has long been established in this state and throughout the country.
In 1956, however, Section 23 of Article 5 of the Florida Constitution, F.S.A. was adopted, which provides:
"The supreme court shall have exclusive jurisdiction over the admission to the practice of law and the discipline of persons admitted. It may provide for an agency to handle admissions subject to its supervision. It may also provide for the handling of disciplinary matters in the circuit courts and the district courts of appeal, or by commissions consisting of members of the bar to be designated by it, the supreme court, subject to its supervision and review.”
Pursuant to this constitutional authority, the Supreme Court on May 9, 1958, issued a rule amending Paragraph 6 of Article XI of the Integration Rule of The Florida Bar, 31 F.S.A., subparagraph (a) of said amended Paragraph 6 reading as follows:
“Disciplinary Matters in District Courts of Appeal and Circuit Courts. Whenever it shall be made known to any of the judges of the district courts of appeal or any judge of a circuit court in this state that a member of The Florida Bar practicing in any of the courts of his district or judicial circuit has been guilty of dishonest conduct or habits of general immorality or any such single act or crime of vice as may show-him to be unfit for the trust and confidence reposed in him as an attorney or of * * * suppressing or attempting to suppress any testimony in any cause or of tampering with an record or of stirring up litigation or being drunk while the case under this charge is being considered in court or of any unprofessional acts as defined by the code of ethics adopted by this Court which unfit him for association with the fair and honorable members of the profession, such judge shall direct the state attorney for the circuit in which such attorney shall have his office to make in writing a motion in the name of The Florida Bar to disbar such attorney setting forth in the motion the particular acts of conduct for which the attorney is sought to be disbarred.”
In accordance with the authority granted under the quoted portion of the rule of the Supreme Court, we, the members of this court, herein declare that the said John E. McCarey, a member of The Florida Bar practicing in courts in the first district of Florida, has been guilty of unprofessional acts in that he violated Canon 5, relating to defense of persons accused of crime, Canon 15, requiring a lawyer’s entire devotion to the interest of his client, and Canon 44, forbidding a lawyer to “throw up the unfinished task to the detriment of his client”, of the Canons of Professional Ethics adopted by the Florida Supreme Court on December 6, 1955, and in that he violated Rule 1, requiring that lawyer represent the interests of his client with undivided fidelity, of the additional rules adopted by the Florida Supreme Court on January 27, 1941, and December 6, 1955, 31 F.S.A.
Therefore, by order of this court entered with this opinion, we direct the State Attorney for the Ninth Judicial Circuit of Florida, in which circuit we are informed the said McCarey now has his office, to make in writing a motion in the name of The Florida Bar to disbar such attorney, as provided in the amended rule of the Supreme Court.
STURGIS, C. J., and WIGGINTON, J., concur.