194 So.2d 577 (1967)
Cleveland HOLLINGSHEAD, Petitioner,
v.
Louie L. WAINWRIGHT, Director Division of Corrections, Respondent.
No. 34429.
Supreme Court of Florida.
January 25, 1967.
Rehearing Denied February 21, 1967.
Cleveland Hollingshead, in pro. per.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for respondent.
PER CURIAM.
Cleveland Hollingshead petitioned this Court for writ of habeas corpus (see Hollingshead v. Wainwright, 177 So.2d 477). Our denial of said petition was reversed by the Supreme Court of the United States on the authority of Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. (See Hollingshead v. Wainwright, 384 U.S. 31, 86 S.Ct. 1284, 16 L.Ed.2d 333.)
In compliance with the above mentioned decision of the Supreme Court of the United States, and to examine the truthfulness of the Petitioner's allegations that he had been denied due process of law by the trial court in refusing to furnish him counsel after Petitioner repeatedly requested him to do so for the purpose of direct appeal to review the conviction, judgment and sentence in the instant case, this Court on July 29, 1966 appointed Honorable Woodrow M. Melvin, Circuit Judge of the First Judicial Circuit, commissioner to take testimony upon the factual issues presented *578 by the Petitioner. (See Hollingshead v. Wainwright, Fla., 188 So.2d 788.)
Upon consideration of the report submitted by the able commissioner in which he found the allegations of the Petitioner to be true in point of fact and recommended an appellate review of Petitioner's conviction, it is our opinion that due process of law requires that the Petitioner be afforded a full appellate review of his conviction, judgment and sentence.
In certain exceptional circumstances when orderly appellate remedy has been rendered unavailable and an appeal within the period and in accordance with the procedure provided by law for appeals has not been afforded, yet justice demands appropriate remedy, we have held due steps must be taken to avoid deprivation of due process. See State ex rel. Ervin v. Smith, Fla., 160 So.2d 518. In accord with this concept, we do hereby order that Cleveland Hollingshead be afforded the opportunity of full appellate review by way of habeas corpus to be applied for in the District Court of Appeal, First District.
The Petitioner is authorized to proceed in forma pauperis. The District Court of Appeal, First District, is directed to appoint an attorney to represent the Petitioner in such proceedings.
We do not overlook the well established rule that ordinarily habeas corpus is not available as an alternate or substitute for an appeal. However, as has been previously mentioned, the instant circumstances demand that the Petitioner be afforded a full appellate review, the ordinary or orderly procedure therefor not having been afforded in this cause.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW and ERVIN, JJ., concur.