RAWLS, Acting Chief Judge.
By petition for writ of habeas corpus Willie James Frazier seeks an evidentiary hearing pursuant to the opinion rendered by the Supreme Court of Florida in Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967).
The salient allegation set out in the instant petition is as follows: That on the 15th day of June, 1965, petitioner was allowed by the Court to change his plea of not guilty of rape to not guilty of assault with intent to commit rape. Yet, petitioner, age 17, having no knowledge of law was adjudged guilty without a jury trial and without having waived the right to jury trial. Petitioner was treated as though he had pleaded guilty. Petitioner alleges that he was denied a trial by jury, equal protection of the law, and due process of the law.
The foregoing bare allegation standing alone would require the issuance of a rule nisi by this Court; however, the subject petition further states that petitioner filed notice of appeal to this Court on July 14, 1967, subsequent to a denial of his Rule I motion to vacate judgment and sentence which appeal was dismissed because the trial court and the Florida Supreme Court refused to grant or provide counsel on appeal and, therefore, no brief was filed. It is well settled that one appealing an adverse decision in a collateral attack as provided by Criminal Procedure Rule I is not entitled to counsel as a matter of right. State v. Weeks, 166 So.2d 892 (Fla.1964).
Fortuitously, the appeal cited by petitioner furnished to this Court a complete record on appeal by which we are able to examine the petitioner’s grievance as laid in this procedure. The record on appeal reflects that petitioner was indicted by the Grand Jury of Duval County for the offense of rape; an order of insolvency was timely entered; counsel was appointed to represent the petitioner; his mother (being his only surviving parent) was notified and was present in court during all material proceedings. The transcript of the proceedings held before the trial judge on June 15, 1965, reflects that the attorney for a co-defendant stated to the court that he would like to withdraw the plea of not guilty to rape and ask the court to consider a plea of not guilty to assault with intent to commit rape. Petitioner’s attorney stated to the court: “The defendant Willie James Frazier asks the same.” If this colloquy between counsel and the Court was the only thing appearing as a matter of record, it is obvious that petitioner’s grievance at this time would be well-founded. However, the record clearly reflects by questions and answers subsequently propounded by the Court to the defendants that they thoroughly understood the State was acquiescing in reducing the capital crime of rape to the lesser offense of assault with intent to commit rape and that the defendants voluntarily and knowingly changed their plea of the capital offense to one of guilty of the lesser offense. Since the record in at least two other places shows that defendant pleaded guilty, the above-quoted excerpt was either a scrivener’s error or a misstatement by defense counsel. The record of the proceedings reflects that the trial judge exhaustively and minutely protected every right of this defendant and rejects the truth of the allegations of the instant petition.
The petition for writ of habeas corpus is denied.
JOHNSON and SPECTOR, JJ., concur.