216 So.2d 446 (1968)
Leon Elmore POWE, Petitioner,
v.
The STATE of Florida, Respondent.
No. 37408.
Supreme Court of Florida.
December 10, 1968.
Rehearing Denied December 20, 1968.
*447 Robert L. Koeppel and Phillip A. Hubbart, Miami, for petitioner.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for respondent.
ERVIN, Justice.
We have for review by writ of certiorari the decision of the District Court of Appeal, Third District, in Powe v. State of Florida, 208 So.2d 522. The District Court affirmed per curiam, without opinion, a denial of Petitioner's motion for relief under Criminal Procedure Rule No. 1 (now Criminal Procedure Rule 1.850, 33 F.S.A.).
Petitioner's application for review is predicated on the following facts: On November 15, 1965 Petitioner was charged by information in the Dade County Criminal Court of Record with (1) breaking and entering a building with intent to commit a felony: to wit, grand larceny; and (2) possession of burglary tools. Petitioner entered a plea of not guilty and requested trial by jury. On September 1, 1966 Petitioner was tried before a jury, found guilty and sentenced to ten years in the state penitentiary on each count of the information, sentences to run concurrently. Motions for new trial were pending from September 1 through September 29 and were denied by the trial court on the latter date. During trial, Petitioner was represented by privately retained counsel.
On October 6, 1966 Petitioner filed a letter with the trial court evidencing his desire to appeal and requesting that he be declared insolvent. On November 4, 1966 the trial court adjudicated Petitioner insolvent but did not appoint counsel to perfect an appeal.
On December 1, 1966 Petitioner filed a pro se motion to vacate judgment and sentence pursuant to former Criminal Procedure Rule No. 1. It alleged a new trial should be granted Petitioner because the jury verdict was so uncertain that a judgment of conviction could not be predicated thereon. The trial court denied the motion. On February 9, 1967 a second motion to vacate was filed by Petitioner alleging for the first time that he had been denied his constitutional right to the appointment of counsel on a direct appeal from his judgment of conviction and sentence. On February 23, 1967 the trial court denied the motion on the ground that it failed to contain legal grounds for granting a new trial or release of the prisoner and that the files and records of the court showed conclusively that Petitioner was not entitled to the relief which he sought. The District Court of Appeal, Third District, affirmed the trial court's denial in a per curiam decision without opinion.
Having examined the record and briefs, and having heard oral argument, we are of the opinion that Criminal Procedure Rule 1.850 is not an available procedure for challenging the error here asserted.
Our sense of justice is admittedly challenged by a claim of a prisoner which is grounded on the failure of the State under the circumstances here alleged to afford Petitioner the assistance of counsel for the purpose of directly appealing his conviction. Following the command of Douglas v. California (1963), 372 U.S. 353, *448 83 S.Ct. 814, 9 L.Ed.2d 811, this Court has adhered to the view that an indigent defendant is entitled to appointed counsel for the purpose of directly appealing a judgment of conviction. State v. Weeks (1964), 166 So.2d 892; Harper v. State (1967), 201 So.2d 65. Subsequent decisions defining the right to appellate counsel indicate that an indigent defendant is entitled to be provided with the assistance of counsel for taking a direct appeal when he manifests or makes known to the trial court his intention to appeal. See Brooks v. State (Fla.App. 1965), 172 So.2d 876; Swenson v. Bosler (1967), 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. See also DeMotte v. State (Fla.App. 1967), 203 So.2d 662. In Swenson the United States Supreme Court commented as follows:
"* * * It is now settled `that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.' Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel." 386 U.S. at 260, 87 S.Ct. at 998.
Measured in the context of the foregoing authorities, the present record indicates that in a letter filed with the trial court on October 6, 1966 prisoner Powe evidenced his inability to obtain the assistance of counsel, expressed his desire to appeal and further requested to be declared insolvent. The record reveals that the trial court adjudged Powe insolvent but failed to appoint appellate counsel on his behalf. In view of the potential deprivation of due process inherent in the factual situation presented to us, we consider it proper to suggest that Petitioner may not be entirely without remedy. We have on past occasions sustained habeas corpus as an appropriate remedy for avoiding deprivation of due process stemming from the State's failure to furnish appellate counsel. See Hollingshead v. Wainwright (1967), 194 So.2d 577; State ex rel. Ervin v. Smith (1964), 160 So.2d 518. Accordingly, our decision discharging the writ as improvidently issued is without prejudice to Petitioner Powe to proceed by way of habeas corpus. The proper venue for such proceeding is the District Court of Appeal, Third District, since Petitioner was in custody within said District at the time of his conviction and sentence.
The writ of certiorari is discharged.
ROBERTS, DREW and HOPPING, JJ., concur.
CALDWELL, C.J., and THOMAS and THORNAL, JJ., dissent.