PER CURIAM.
Julius Bernard Williams petitioned this Court for writ of habeas corpus. Review of the State’s return thereto indicated there were issues of fact to be determined. Whereupon we appointed Honorable Woodrow Melvin, Circuit Judge of the First Judicial Circuit, Commissioner to take such testimony necessary to a determination of such issues and report the same to us with his findings and recommendations. See Williams v. Wainwright, 212 So.2d 6.
The report of the Commissioner with his findings and recommendations has been received. Salient parts of the report read as follows:
“Your Commissioner submits findings and recommendations, as follows:
“1. Petitioner was not advised by his Court-appointed counsel that he had been permitted by the District Court of Appeal, First District, to withdraw as counsel for petitioner in presenting petitioner’s Appeal from his conviction in the Court of Record of Escambia County, Florida, prior to the dismissal of said Appeal.
“2. Petitioner was advised of such fact by Honorable George R. Georgieff, Attorney for the Respondent, and by the Clerk of the said District Court of Appeal in that from each person the petitioner received a copy of State’s Motion to Dismiss said Appeal. See Petitioner’s Exhibit 3, and petitioner’s testimony transcript, page 19, as to receipt of copies of said Motion.
“3. The petitioner denies that he received a copy of the District Court Order allowing withdrawal of counsel, and the contrary does not affirmatively appear. See Petitioner’s Exhibits 2 and 5.
“4. When petitioner received copies of the State’s Motion to Dismiss (Petitioner’s Exhibit 3), and was by its contents advised of the entry of the Court’s Order allowing counsel to withdraw, the time allowed petitioner by such Order to file Assignments of Error had long since expired. Petitioner testified that upon receipt of a copy of the State’s Motion to Dismiss, he filed a Motion requesting additional time to file assignments of error, but that he received no reply from the Court, (Transcript pgs. 7 and 24). The contrary does not appear in the record.
“It will be noted that the State’s Motion to Dismiss was filed November 9, 1966, and Order of Dismissal was entered December 7, 1966.
“5. Since petitioner was untimely advised under the circumstances set forth in Paragraphs 2 and 4 above, it is the opinion of the Commissioner that orderly appellate remedy has been rendered unavailable to him, and that he is entitled to full appellate review by way of habeas corpus to be applied for in the District Court of Appeal, First District. See Hollingshead vs. Wainwright [Fla.], 194 So.2d 577.”
We accept and approve the report of the Commissioner and order that Petitioner Julius Bernard Williams be afforded opportunity of full appellate review by way of habeas corpus to be applied for in the District Court of Appeal, First District.
The Petitioner is authorized to proceed in forma pauperis. The District Court is directed to appoint an attorney to represent Petitioner in such proceedings. See Hollingshead v. Wainwright, Fla., 194 So.2d 577.
It is so ordered.
CALDWELL, C. J., and ROBERTS, THORNAL, ERVIN and ADAMS (Ret.), JJ., concur.