227 So.2d 354 (1969)
James JACKSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1852, 1871.
District Court of Appeal of Florida. Fourth District.
October 8, 1969.
Rehearing Denied November 12, 1969.
*355 Louis R. Bowen, Jr., Public Defender, and Edward G. Helvenston, Asst. Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James M. Adams, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The appellant, James Jackson, appeals from two orders of the Circuit Court for Osceola County, Florida, which denied motions to vacate a sentence imposed upon him after he had been tried in that court and found guilty of robbery. Hereafter, the appellant will be referred to as the defendant.
At the trial on the robbery charge, the defendant was represented by a privately retained attorney, one Jack T. Edmond. Following the adverse jury verdict and a denial of a motion for new trial, Mr. Edmond on 15 April 1966 filed on behalf of the defendant a timely notice of appeal to secure a review by this court of the judgment and sentence.
According to testimony which was adduced at the hearing on the motions to vacate, Mr. Edmond turned the handling of the direct appeal over to one Thomas W. Perkins who at the time was Mr. Edmond's law partner. Mr. Perkins and Mr. Edmonds both testified that the direct appeal, in their opinion, was not frivolous. Mr. Perkins testified, however, that he could not prosecute the appeal because no money was forthcoming to pay for a transcript of the record and of the testimony.
It also appears from the testimony of Mr. Perkins and the record before this court that in June or July of 1966 Mr. Perkins obtained an affidavit from defendant declaring himself to be an insolvent and unable to pay costs. The affidavit was in the form contemplated by F.S. Section 924.17, F.S.A., as a prerequisite to an adjudication of insolvency. The affidavit was filed in the trial court.
No formal motion was made in the trial court by either of defendant's attorneys for an adjudication of insolvency, although the trial judge by a letter to Mr. Perkins in August of 1966 suggested that such motion be made. The defendant's attorneys did not file a motion with the trial court pursuant to Rule 6.8, Florida Appellate Rules, 1962 Revision, 32 F.S.A., to obtain a transcript of the trial testimony. Additionally, neither of these attorneys filed assignments of error or directions to the clerk for preparing the record on appeal in accordance with the appellate rules. Neither of the defendant's attorneys filed a motion under Rule 2.3(d) (2), F.A.R. in this court to be relieved of their duty to proceed with the appeal. Consequently, the State of Florida filed in this court on 12 January 1967 a motion to dismiss the direct appeal for failure to prosecute. The defendant's attorneys filed nothing in opposition to the motion to dismiss. The motion to dismiss was granted, and the direct appeal was dismissed by this court on 1 February 1967.
Thereafter, the defendant, acting in his own behalf, on 10 May 1967 filed in the trial court what in substance was a motion to vacate under Criminal Procedure Rule 1 (now Rule 1.850, CrPR, 33 F.S.A.). In response to this motion the trial court issued an order on 26 June 1967 which required the defendant to be brought from the Florida State Prison at Raiford to Osceola County for the purpose of a hearing on the question of insolvency. The defendant was adjudicated insolvent by the trial judge, and the case was referred to the public defender on 7 July 1967. Since then the public defender has represented *356 the defendant in the trial court and this court.
On 25 October 1967, the defendant's motion to vacate which he had filed in proper person was denied with leave to the public defender to file an amended motion to vacate. Pursuant to this authority, the public defender filed a subsequent motion to vacate. After another hearing, this motion was denied by an order dated 1 December 1967. The present appeal was taken by the public defender from each of the orders just mentioned above.
Neither the assignment of error nor the defendant's brief points to any judicial error in the order of 1 December 1967 which denied the defendant's amended motion to vacate. Hence, that order must be affirmed. With respect to the order of 25 October 1967 which denied the original motion to vacate a different problem arises. In that motion, the defendant alleged as a ground for relief that the trial court denied him due process by failing to declare him insolvent and by failing to appoint Jack T. Edmond to prosecute his appeal.
While the assignment of error is not as clearly tailored to the problem as it should be, it is apparent the defendant is contending and the issue on this appeal is whether the trial court committed error by not vacating the judgment and sentence in response to the original motion to vacate. The defendant contends that the trial court frustrated his direct appeal by not declaring him an insolvent and appointing Jack T. Edmond to prosecute the appeal when the defendant on 21 July 1966 filed his affidavit of insolvency. For this reason, says the defendant, his original motion to vacate the judgment and sentence should have been granted.
We conclude that the trial judge did not err in denying the original motion to vacate. The history and the express language of Rule 1.850, CrPR, indicate that it was intended to provide a procedure for disposing of post-conviction claims relating to matters which occurred at the trial and which affected the constitutional validity of the conviction. Roy v. Wainwright, Fla. 1963, 151 So.2d 825. The frustration of an appeal does not occur during trial and does not affect the validity of a conviction. Hence Rule 1.850, CrPR, and its predecessor, Criminal Procedure Rule 1, is not an appropriate remedy for one whose appeal has been frustrated. Powe v. State, Fla. 1968, 216 So.2d 446.
Since the defendant has no remedy under Rule 1.850, CrPR, what remedy does he have? This court has no constitutional or other authority to reinstate the direct appeal which was heretofore dismissed where no motion was made during the time allowed by the Florida Appellate Rules for a rehearing. We conclude, however, that the defendant has a right under the limited circumstances reflected without issue of fact by the present record to a full appellate review by means of habeas corpus.
In Hollingshead v. Wainwright, Fla. 1967, 194 So.2d 577, the Florida Supreme Court held that where an orderly appellate review in accordance with law was rendered unavailable by failure of the trial court to appoint an attorney to prosecute an appeal for the defendant, a delayed review by means of habeas corpus is available to avoid injustice and the denial of due process. In Williams v. Wainwright, Fla. 1969, 217 So.2d 317, the petitioner's direct appeal to a district court of appeal was dismissed for failure to prosecute. The opinion indicated that petitioner's court appointed attorney had not given petitioner timely notice of an order of the district court which allowed the attorney to withdraw from the case and which gave the petitioner a limited time to file assignments of error. By reason of those failures, the petitioner was denied an opportunity for an orderly appellate review by direct appeal. The Florida Supreme Court held that the petitioner was entitled to a full appellate review by way of *357 habeas corpus applied for in the appropriate district court of appeal.
We can see no meaningful distinction between the petitioners in Hollingshead v. Wainwright and Williams v. Wainwright, supra, and the defendant in the present case. In Hollingshead v. Wainwright, the petitioner's appeal was frustrated by an act of the trial judge. In our case, no conduct on the part of the trial judge frustrated the defendant's appeal. In Williams v. Wainwright, supra, the appeal was frustrated by a court appointed attorney. Nevertheless, on the present facts, these distinctions do not make a difference. Insofar as the defendant is concerned, the deprivation of his right is just as effective as if it had been occasioned by the conduct of the trial judge or court appointed counsel. Due process of law contemplates that an indigent shall have the benefit of an attorney  at least where the appeal is not frivolous  for the purposes of prosecuting in an orderly manner his first direct appeal. Powe v. State, supra; Nelson v. State, Fla.App. 1968, 208 So.2d 506. The record indicates that the defendant's direct appeal was not frivolous. The record also reflects that the defendant was indigent at the time his direct appeal was pending in this court and, at that critical stage, he did not receive the assistance of an attorney in the orderly prosecution of the appeal. Instead the defendant's right to an orderly appellate review by direct appeal was frustrated by the failure of his privately retained attorneys to proceed with the appeal in accordance with the pertinent statutes and rules. We recognize the rule that a party is normally bound by the conduct of his attorney, but this rule should not be applied blindly where the result would be a clear denial of due process. In re McCarey, Fla.App. 1958, 105 So.2d 813.
The orders appealed from are affirmed without prejudice to the right of the defendant to seek a full appellate review in this court by means of a petition for a writ of habeas corpus. Should the defendant file such a petition, he would be entitled to secure whatever record he might need in support of the petition in accordance with the provisions of Rules 6.8 and 6.9, F.A.R.
Affirmed.
CROSS, C.J., and OWEN, J., concur.