PER CURIAM.
This appeal is from an order denying appellant’s motion to vacate filed pursuant to CrPR 1.850, 33 F.S.A.
The allegation that the prosecution knowingly used perjured testimony while legally sufficient as a ground for relief, Rayburn v. State, Fla.App.1967, 203 So.2d 212, is conclusively refuted by the transcript of the trial proceedings as contained in the record on appeal.
The allegation that court appointed counsel refused to call a star witness is legally insufficient to sustain a motion to vacate. Simpson v. State, Fla.App.1964, 164 So.2d 224.
 The allegation that appellant was deprived of a direct appeal through failure of court appointed counsel to file an appeal is not grounds for the relief sought under CrPR 1.850. Barnett v. State, Fla.App.1969, 222 So.2d 30; Coleman v. State, Fla.App.1968, 215 So.2d 96; Mobley v. State, Fla.App.1968, 215 So.2d 90; Nelson v. State, Fla.App.1968, 208 So.2d 506. If appellant’s right to direct appeal is shown to have been frustrated through a state functionary, he may obtain delayed appellate review by writ of habeas corpus in the district court of appeal. Powe v. State, Fla.1968, 216 So.2d 446; Hollingshead v. Wainwright, Fla.1967, 194 So.2d 577; State ex rel. Ervin v. Smith, Fla.1964, 160 So.2d 518; Jackson v. State, Fourth District Court of Appeal, 227 So.2d 354, opinion filed October 8, 1969.
The order denying appellant’s motion to vacate is affirmed, without prejudice to the right of appellant to seek delayed appellate review by writ of habeas corpus in this court upon sufficient showing of his entitlement to such.
Affirmed.
CROSS, C. J., and REED and OWEN, JJ., concur.