PER CURIAM.
Pursuant to a petition for writ of habeas corpus and motion for appointment of attorney filed in this Court by appellant, Willie Baker, a mandate was issued to the trial court with directions to appoint counsel for said petitioner to represent him in a full appellate review in the manner provided by Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967),[1] The trial judge forthwith carried out the mandate of this Court by appointing Honorable Virgil Q. Mayo, Public Defender of the Fourteenth Judicial Circuit, to represent appellant.
No action was taken by the appointed counsel in carrying out the responsibilities imposed upon him by the order of the trial judge, therefore, this.Court entered its order directing Honorable Virgil Mayo to show cause, if he could, why he should not be held in contempt for failure to perform his duty in perfecting this appeal. A return was promptly filed by Respondent Virgil Mayo wherein he stated, inter alia:
“I made the decision that with the limited resources available to this office that the best interest of the indigent defendants lies with my time spent investigating and preparing for proceedings in the Lower Courts * * *.
******
“Because of my decision as to priority of my time and because of the opinion of the competent attorney representing this case at the trial level and for the best interest of justice to incarcerated indigents, I have delayed any action in this case.”
A hearing was held by this Court sitting en banc on July 7, 1970, pursuant to notice to Respondent Virgil Mayo, at which time he apologized to the Court for his failure to perform his duty in perfecting this appeal and assured the Court that he had in no way or manner intended to show disrespect, flout the order of the trial court, or to fail to carry out the mandate of this Court, and that his failure to perform his responsibilities had been due entirely through oversight on his part and by reason of the tremendous burdens imposed upon him and his staff as Public Defender of the Fourteenth Judicial Circuit.
After fully considering the background of this cause and the contents of the return of Respondent Mayo, it is the judgment of this Court that Virgil Mayo has failed to set forth a valid legal excuse for his failure to perform the assigned duties as appellate counsel herein, and for th'is failure, he is adjudged to be in direct contempt of this Court. However, taking into consideration the Respondent’s attitude and demeanor in appearing before this Court at the hearing held on July 7, 1970, and upon consideration of Respondent’s assurances that he will forthwith perform his duties as appellate counsel herein and will report within not more than 10 days from the date of said hearing his progress in perfecting this appeal, it is the further judgment of the Court that Respondent Virgil Mayo has demonstrated a sincere desire to purge himself of his said contempt.
*155 It is the judgment of the Court that Respondent Virgil Mayo be permitted to purge himself of the contempt for which he has been adjudged guilty by moving with dispatch to perfect the appeal in this case in accordance with the order of his appointment and his oral representations to this Court, and by paying within 10 days from the date hereof the costs of this proceeding hereby taxed in the sum of Fifty Dollars ($50.00). Further punitive action shall be withheld conditioned upon his performing the duties and responsibilities assigned to him as set forth herein.
JOHNSON, C. J., and CARROLL, DONALD K., WIGGINTON, RAWLS, and SPECTOR, JJ., concur.

. Baker v. State, 224 So.2d 331 (Fla.App. 1st 1969).