PER CURIAM.
On May 5, 1970, petitioner James Daniel, in proper person, filed in this Court his petition for writ of habeas corpus. He claims he should be either discharged from custody or else be accorded the equivalent of a full appeal from his conviction. We issued the writ on May 6, 1970, directing the respondent custodian Wainwright to show cause why the petition should not be granted. Respondent has now filed his return to the writ, and the matter is now before us for further proceedings.
The proceedings in this Court establish the following record facts in chronological sequence:
—On August 2, 1966, Daniel was indicted by the Citrus County grand jury for the offense of rape;
—On April 26, 1967, he was tried and found guilty by a jury, with recommendation for mercy;
—On May 2, 1967, Daniel (apparently in his own proper person) filed his notice of appeal from his said "Conviction for Rape”;
—On June 1, 1967, the trial Court entered order appointing Robert E. Pierce to represent Daniel on appeal;
*833 —On July 6, 1967, Daniel was adjudged guilty and sentenced to a term of imprisonment of 25 years;
—On July 14, 1967, “amended order” was filed appointing Richard H. Langley to represent Daniel on the appeal;
—On September 13, 1967, motion for new trial was filed by Daniel;
—On December 12, 1967, Daniel, through his Court appointed attorney Langley, filed his notice of appeal “from his conviction of the crime of Rape and the Order of the Court denying his motion for a new trial”;
—On December 20, 1967, the trial Court denied the motion for new trial;
—On March 1, 1968, motion was filed in this Court by the Attorney General to dismiss “the appeal”;
—On March 18, 1968, this Court granted said motion and dismissed the appeal “commenced by Notice of Appeal filed . . ; on May 2, 1967”;
—On May 5, 1970, Daniel filed in this Court his petition for writ of habeas corpus;
—On May 6, 1970, this Court issued rule to respondent Wainwright to show cause why the petition should not be granted;
—On May 26, 1970, respondent filed his return to the rule.
In one or two minor particulars the foregoing delineated proceedings have been derived from a certified “Transcript of Record” filed in this Court in the former aborted “appeal” in this case, numbered as Case No. 67-201, but only as they may have been so referred to in the petition for writ and/or the return thereto. And in order that subsequent proceedings in the instant habeas corpus matter, which is Case No. 70-364, may be more orderly (or at least less disorderly), Case No. 67-201 will be consolidated with the instant case, and it is so ordered.
From a consideration of the prior proceedings in the lower Court, as before depicted, it is obvious that the case degenerated into a maze of procedural entanglements, out of which it became virtually impossible for petitioner Daniel to have the validity of his conviction reviewed by direct appeal. It would serve no good purpose at this time to attempt to assess the responsibility for such situation. We will not do so. Suffice to say that not all the fault was petitioner’s, but at the same time he has been deprived of his right of appeal from his conviction, when he was obviously trying to secure such direct review.
A careful study of the record facts as shown here to exist convinces us that petitioner should have the benefit of the rationale of Baggett v. Wainwright, Fla. 1969, 229 So.2d 239. From a reading of that case it is apparent that the acts of a Public Defender in representing an indigent defendant, either of omission or commission, constitute “state action”. And inasmuch as the essential facts which persuade us to accord Daniel such right of review are matters of record and therefore not controverted, there is no necessity to appoint a commissioner to take any testimony or have a hearing as to the entitlement of Daniel to such review.
Accordingly, we do herewith order that the petitioner James Daniel be afforded the opportunity in this habeas corpus proceeding of full appellate review by this Court of the judgment and sentence entered on July 6, 1967, by the Circuit Court in and for Citrus County, Florida, wherein he was adjudged guilty of the offense of rape and sentenced to 25 years in the State Prison.
In the interest of orderly procedure and for the sole purpose of accomplishing the foregoing objective, the petitioner is hereby granted leave to file directions to the Clerk, assignments of error, briefs, and transcript of record, in accordance with the provisions.of PART VI of the Florida Appellate Rules, 32 F.S.A., all computa *834 tions of time thereunder to commence from the date of this order.
It is further ordered that the “Transcript of Record” heretofore filed in this Court in Case No. 67-201 be returned to the Clerk of the Court below, to be utilized in preparation of the certified transcript of record that may be hereafter filed in the instant case.
It is further ordered that the Circuit Judge shall immediately appoint counsel to represent petitioner in the further proceedings in this case pursuant to this opinion and order.
LILES, Acting C. J., and PIERCE and McNULTY, JJ., concur.