McCAIN, DAVID L., Associate Judge.
Petitioner Milton Fretwell, in proper person, filed in this court his petition for writ of habeas corpus, alleging that, by state action, he had been deprived of his right to appeal his conviction for robbery. We issued the rule to show cause directing the respondent custodian Wainwright to show cause why the petition should not be granted. Respondent has now filed his response to the rule, and the matter is before us for further proceedings.
The instant case, #69-804, represents petitioner Fretwell’s third attempt to persuade this court to hear his cause on its *133 merits. On the motion of respondent Wainwright, we have incorporated the records of two preceding appeals brought by petitioner, Cases #450 and #69-179, into the record of this cause, and will consider the records in those cases as being filed herein. The record facts set out below have been gleaned from the three cases considered together.
Petitioner’s troubles began when, after his arrest and conviction in Volusia County for attempted robbery, he was immediately transported to Orange County, where by information filed on August 11, 1965, he was charged with robbery. It- appearing that petitioner was insolvent, a representative of the office of the public defender was appointed to represent him, and at his arraignment on August 12, 1965, petitioner pleaded not guilty to the robbery charge.
On September 15, 1965, after a jury trial was afforded him, petitioner was adjudged guilty of the crime of robbery and sentenced to 40 years imprisonment in the state prison.
Timely notice of appeal was filed on October 13, 1965, and amended on November 2, 1965, thus initiating Case #450. Then, on December 16, 1965, the assistant public defender handling the case filed his motion to withdraw from further representation of defendant, alleging that the appeal was frivolous. On December 21, this court sua sponte quashed the appeal, citing Carr v. State, Fla.App.1965, 180 So.2d 381.
Following this disappointment, petitioner employed a series of futile legal maneuvers in the hope of persuading some court to hear the merits of his case. On April 27, 1966, his petition for writ of habeas corpus was denied by the Supreme Court of Florida on the ground that he was not entitled to attack the validity of a consecutive sentence he had not yet begun to serve (at that time he was still serving a sentence on his Volusia County conviction for attempted robbery), Fretwell v. Wainwright, Fla.1966, 185 So.2d 701. A petition for rehearing was also denied.
A petition for writ of habeas corpus brought by petitioner in the U.S. District Court for the Middle District of Florida, was denied on the ground that petitioner had not yet exhausted his state remedies; to wit, a proceeding under Rule 1.850, Cr. RP, 33 F.S.A.
Taking the hint of the federal court, petitioner next brought a Rule 1.850 proceeding which was summarily denied on the gróuhd"that’petitioner was merely attempting to harrass the courts. On appeal here (#69-179) we affirmed [Fretwell v. State, Fla.App.1969, 229 So.2d 265] without prejudice to the right of petitioner to seek delayed appellate review by writ of habeas corpus in this court as authorized under Hollingshead v. Wainwright, Fla.1967, 194 So.2d 577. We also cited Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Powe v. State, Fla.1968, 216 So.2d 446; and Jackson v. State, Fla.App. 1969, 227 So.2d 354. Petitioner has now taken the action we suggested in #69-179, and so we proceed to the merits of his contention that he has been deprived of his right of direct appeal by state action.
It is established beyond question that an indigent defendant in a felony trial is constitutionally entitled to representation by counsel on direct appeal from his conviction. Anders v. California, supra; Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. Such right has been retroactively applied. Pate v. Holman, 5 Cir. 1965, 341 F.2d 764; Baggett v. Wainwright, Fla.1969, 229 So.2d 239; Schwander v. United States, 5 Cir. 1967, 386 F.2d 20; and Merkel v. Beto, 5 Cir. 1968, 387 F.2d 854.
The propriety of withdrawal of court-appointed counsel on appeal was considered in Anders, supra, and the Supreme Court reached the following conclusion:
“* * * if counsel finds his [defendant’s] case to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request *134 must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.”
In Herzig v. State, Fla.App.1967, 200 So.2d 632, this court adopted the Anders method as the standard by which motions to withdraw should be judged.
It is apparent that the procedure followed by defense counsel and by this court on first consideration of petitioner’s case were inadequate to meet the minimum standards required by Anders. No brief of any kind was required or submitted; nor did we allow petitioner time to rebut counsel’s claim that the appeal was frivolous. The appeal was quashed five days after counsel’s “no-merit” letter was received. We therefore find that petitioner’s attempt to appeal was frustrated by state action.
Where the taking of a timely appeal has been thwarted by state action, defendant may have the judgment in question reviewed as on a full appeal by a proceeding in habeas corpus in the District Court of Appeal in the district in which his trial was held. Baggett v. Wainwright, Fla. 1969, 229 So.2d 239.
Accordingly, we do herewith order that the petitioner Milton Fretwell be afforded the opportunity in this habeas corpus proceeding of full appellate review by this court of the judgment and sentence entered on September 15, 1965, by the Criminal Court of Record in and for Orange County, Florida, wherein he was adjudged guilty of the offense of robbery and sentenced to 40 years in the state prison.
Inasmuch as it has already been determined on this petition that petitioner is insolvent, and inasmuch as counsel has been appointed to represent him, it is unnecessary for us to relinquish jurisdiction of this cause to the trial court for a determination of insolvency.
However, in the interest of orderly procedure and for the sole purpose of accomplishing the objective of full appellate review, counsel for petitioner is hereby granted leave to file directions to the Court Reporter and the Clerk of the Criminal Court of Record of Orange County, assignments of error, briefs, and to perfect his record on appeal in accordance with the provisions of the Florida Appellate Rules, with all computations of time thereunder to commence from the date hereof.
It is so ordered.
CROSS, C. J., and FRYE, WILLIAM III, Associate Judge, concur.