PIERCE, Chief Judge.
The petitioner herein, Jessie Breland Evans, Jr., on March 25, 1971, filed petition for writ of habeas corpus alleging he was being unlawfully detained and deprived of his freedom, and asking that he be released. On April 8, 1971, this Court issued its rule to show cause, directing his custodian, respondent Louis L. Wainwright, Director, Division of Corrections, State of Florida, to show cause why petitioner Evans was being so held in custody and why he should not be released.
On April 27, 1971, respondent Wainwright filed his response to the writ, alleging substantially as follows: that Evans was indicted by the Hillsborough County grand jury on December 2nd, 1969, for rape, and after a jury trial he was found guilty of rape with recommendation of mercy; that he was in due course adjudged guilty of such crime and was sentenced to an indeterminate term of imprisonment in the State Prison.
Evans alleges in his habeas corpus petition that he was not accorded assistance of counsel at the time of his sentence on June 25, 1970, by virtue of the fact that his Court-appointed trial Counsel, Mr. John A. Grant, Jr., “was no longer his attorney as he had been relieved of further duty and discharged as counsel by order of the trial judge dated May 20, 1970.” and that because he was so deprived of counsel at the time of his sentence he “was deprived of his right of appeal and is entitled to relief under the doctrine of this Court in the case of Daniel v. Wainwright, [Fla.App.] 237 So.2d 832”.
Evans’ assertion as to deprivation of counsel was erroneous because the premise upon which such conclusion was based was false. Evans was in fact represented by his trial counsel, Mr. Grant, at the time of his sentencing and the record affirmatively shows it. After the trial Mr. Grant petitioned the Court for allowance of attorney’s fees and costs, and upon hearing of the petition, the trial Court, on May 20, 1970, signed and issued written order, which has been duly certified to this Court, wherein it was—
*406 “ORDERED AND ADJUDGED that JOHN A GRANT, JR., be relieved from further duty and be discharged as counsel for the defendant, Jessie Breland Evans, Jr., upon conclusion of sentencing. * * * ”
The “sentencing” did not take place until June 25, 1970, upon which date the Court formally adjudged Evans guilty of the offense of rape with recommendation of mercy and proceeded to pass sentence upon him of an indeterminate period of six months to thirty-five years in the State Prison from the date of his incarceration therein. So the order of May 20, 1970 did not ipso facto sever the relationship of attorney and client theretofore existing between Mr. Grant and Evans but on the contrary continued such relationship until the “conclusion of sentencing”, which was not until the conclusion of the Court hearing on June 25, 1970, after Evans had been sentenced. Not only that, but the Court proceedings at the time of sentencing have been transcribed and certified to this Court as a part of the record herein and the same shows affirmatively that Mr. Grant was present and participated therein.
As to Evans’ allegation that he was deprived of his right to appeal, the record shows that Evans and his attorney requested the Court to appoint counsel for the purpose of appeal. We quote from the record:
“MR. GRANT: Your Honor, may I make a statement? on his behalf. You appointed me to represent him in this case because he was without financial means to provide for his own defense. He does desire to have counsel appointed for the purpose of appeal, and he has asked me at this time to make a request to the Court that, in the near future, he might have a court appointed attorney represent him.
THE COURT: Alright, Mr. Evans. Your request will be granted. You are satisfied with counsel that the Court has provided for you up to this point?
DEFENDANT: Yes, very satisfied, sir.
THE COURT: You have no complaint whatsoever?
DEFENDANT: No sir, not with the way he handled the case.
THE COURT: Alright.
DEFENDANT: I would like to ask His Honor if Mr. Grant could be appointed as my lawyer on the appeal because I believe Mr. Grant has already been on the case and understands it.
THE COURT: I don’t know. I will consider that. We will make an appointment of a competent attorney to represent you in any case.
DEFENDANT: Yes sir.”
This clearly satisfied the burden placed on Petitioner of initiating appeal proceedings. In response to Evans’ request, and the Trial Court’s advice that an appointment of a competent attorney to represent him on appeal would be made, the Trial Judge did not adjudge Petitioner insolvent and appoint defense counsel until August 3, 1970, several days after the expiration of the time for filing an appeal. Through state action Evans was deprived of the assistance of counsel for the purpose of directly appealing his conviction. He may, therefore, have the judgment in question reviewed as on a full appeal by a proceeding in habeas corpus in this Court. Baggett v. Wainwright, Fla.1969, 229 So.2d 239; Powe v. State, Fla.1968, 216 So.2d 446; Daniel v. Wainwright, Fla.App.1970, 237 So.2d 832; Fretwell v. Wainwright, Fla.App.1971, 246 So.2d 132.
Accordingly, we do herewith order that Petitioner Jessie Breland Evans, Jr. be afforded an opportunity in this habeas corpus proceeding of full appellate review by this Court of the judgment and sentence entered on June 25, 1970, by the Circuit Court in and for Hillsborough County, *407 Florida, wherein he was adjudged guilty of the offense of rape.
Counsel for Petitioner is hereby granted leave to file directions to the Court Reporter and the Clerk, assignments of error, briefs, and record on appeal in accordance with the provisions of Florida Appellate Rules, with all computations of time thereunder to commence from the date of this order.
It is so ordered.
LILES and McNULTY, JJ., concur.