PER CURIAM.
This is an appeal from an order by the trial court denying a motion to vacate pursuant to CrPR 3.850, 33 F.S.A.
Appellant originally was tried and convicted of first degree murder on April 29, 1969. He was sentenced to life imprisonment.
*762 Appellant now seeks to vacate the judgment upon the ground that his state-appointed counsel failed to apply for writ of certiorari with the Supreme Court of Florida or to notify the appellant of his right to apply for the same. This point is without merit.
First, we note that a motion to vacate under Rule 3.850 filed with the trial court is not the proper remedy where a defendant contends he has been denied his right to appeal. See Powe v. State, Fla.1968, 216 So.2d 446; Baggett v. Wainwright, Fla.1969, 229 So.2d 239. The proper remedy is to proceed by petition for a writ of habeas corpus.
Second, we do not think appellant’s right to appeal is violated when his counsel fails to seek a writ of certiorari or alternatively to notify his client of his right to apply for it. Certiorari is limited to specific situations in the Supreme Court, and is discretionary with that court. Fla. Const., Article V, § 3(b)(3), F.S.A.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.