**Eddie Samuel IVORY,
Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director,
Division of Corrections,
Respondent-Appellant.**

No. 75–2115.

United States Court of Appeals,
Fifth Circuit.

May 3, 1976.

Rehearing Denied May 26, 1976.

Gee, Circuit Judge, filed dissenting opinion.

Gerry B. Rose, Asst. Atty. Gen., Robert L. Shevin, Atty. Gen., Gerald L. Knight, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellant.

Eddie S. Ivory, pro se.

ON PETITION FOR REHEARING

Before TUTTLE, GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

The District Court granted Ivory's petition for habeas relief and directed appellant Wainwright to produce Ivory within 60 days in Florida state court so that he could be advised of his right to take an out-of-time appeal from his state court conviction, and if found indigent, to obtain appointed counsel. Wainwright appealed. Pending appeal he filed with this court a suggestion of mootness, stating that the state court had duly conducted a hearing at which it had advised Ivory that he had 30 days within which to perfect an appeal, that Ivory had refused appointive counsel, that the time for appeal had expired without any action by Ivory to prosecute the appeal.

On January 5, 1976, we entered a per curiam opinion that in effect adopted the state's suggestion. It was based upon the record then before us, plus oral argument and supplemental briefs, all directed to trying to find out what had occurred in the state courts. It is clear that at the state court hearing, conducted on May 16, 1975, Ivory denied that he was indigent and rejected appointed counsel. However, since oral argument additional documents have been filed with us—in bits and pieces—by Ivory pro se. These reveal that what happened on May 16 was not the end of the matter and that the suggestion of mootness filed on behalf of Wainwright by the Attorney General of Florida was improvidently filed and presented to this court less than what now appear to be the, hopefully, full facts.

The following seems to be what occurred. Notwithstanding Ivory's in-court statements made May 16, on May 20 the state court entered an order finding him indigent, directed the court reporter to prepare a transcript, and appointed the Public Defender, Fourth Judicial Circuit of Florida, to represent Ivory on appeal. Pursuant to Florida Stat., § 27.51(4), that Public Defender, on May 22, designated the Public Defender, Second Judicial Circuit of Florida, to handle the appeal. Thereafter the

Second Circuit Public Defender took numerous routine steps in representing Ivory on the appeal—extension of time to file assignments of error until after the transcript was complete, extension of time to enable the court reporter to complete the transcript, direction to the clerk to make up the record, and filing of assignments of error. On August 22 the Second Circuit Public Defender wrote Ivory that he was handling the appeal, had read the transcript, and would file a brief and send him a copy. Some difference of opinion arose between Ivory and the Second Circuit Public Defender concerning issues to be presented in the appeal. As a consequence Ivory wrote both Public Defenders stating that he had waived representation in the May 16 hearing, and wanted no assistance from public defenders. He demanded that the Public Defenders accede to his desire that they be relieved from the case. He reiterated his theory, repeated by him throughout this convoluted case, that he had paid for services of a retained counsel on appeal. (It was the failure of this counsel to take an appeal which caused the habeas court to direct an out-of-time appeal in the first instance.) The Public Defender, Second Circuit, on September 2, 1975, filed a motion asking to be relieved, reciting inter alia that he had advised and corresponded with Ivory in an effort to dissuade him from his demand that counsel withdraw, but to no avail. Before that motion was acted on, the Second Circuit Public Defender discovered that neither his office nor the Fourth Circuit Public Defender had ever filed a notice of appeal on Ivory's behalf. The Second Circuit Public Defender wrote Ivory telling him of this and suggesting that nevertheless appellate review might be available pursuant to *Hollingshead v. Wainwright*, 194 So.2d 577 (Fla., 1967).[1] The motion for leave to withdraw was granted October 23, 1975.

Meanwhile Wainwright's appeal from the order granting habeas and ordering the out-of-time appeal was making its way through this court. It was argued December 9, 1975. In the interest of judicial economy, state and federal, we cut the Gordian knot.

Florida practice allows 30 days in which to file a notice of appeal and, presumably, it was this 30-day period that was the basis of the state court judge's instruction to Ivory that he had 30 days from May 16 in which to perfect his appeal. We pretermit whether state procedural rules requiring timely filing of a notice of appeal operate to limit an out-of-time appeal ordered by a federal habeas judge. Despite Ivory's statements on May 16 he was, between May 20 and October 23, 1975, represented by Public Defenders whose duty it was to perfect and handle his appeal. If a notice of appeal was necessary, the duty to file it was upon them. It would be bootless to require Ivory to commence a new treadmill of proceedings, asking for a new out-of-time appeal on the ground that his appointed counsel (now withdrawn) failed to take the proper procedural steps to perfect the out-of-time appeal previously directed. Additionally, we have little doubt that if the circumstances were presented to the Florida courts rather than to us they would, *under Hollingshead*, permit Ivory's appeal to go forward.

We hold that the Second and Fourth Circuit Public Defenders have no further obligation to represent Ivory in his appeal and the State of Florida has no further obligation to furnish him with appointed counsel. However, within 30 days of the date of the mandate of this court the two Public Defender offices shall furnish Ivory with copies of any documents filed by them with the appellate courts of the State of Florida, and a copy of the trial transcript shall be made available to him. If Ivory's appeal has not been perfected he shall have 60 days from the date of the mandate of this court in which to perfect it, except that in the circumstances of this case no notice of appeal shall be required.

---

1. Permitting appellate review in certain exceptional circumstances when an orderly and timely appeal under usual procedures has not been afforded.

Except as modified by this opinion the order of the District Court granting Ivory's petition for a writ of habeas corpus is due to be affirmed.

Our opinion and order of January 5, 1976, is VACATED. The order of the District Court granting the writ of habeas corpus to Ivory, as modified by this opinion, is AFFIRMED.

GEE, Circuit Judge (dissenting):

The district court's narrow order below provided:

The State of Florida is hereby required to produce the body of the petitioner, Eddie S. Ivory, before the Honorable Everett R. Richardson, Circuit Judge, Fourth Judicial Circuit of Florida, in and for Duval County, Jacksonville, Florida, for a hearing within 60 days from the date of this order so that Judge Richardson may (1) inform petitioner of his right to take an out-of-time appeal and (2) if petitioner is determined to be indigent, appoint counsel to represent him for purposes of that appeal.

It is true and undisputed that Florida has scrupulously complied with that order; no one so much as suggests that it has not. The case is therefore moot. Thinking we should not act in moot cases, I dissent.