PER CURIAM.
In this petition for writ of habeas corpus for delayed appellate review, the defendant through her counsel, the Public Defender, seeks to attack the denial of her motion to dismiss an information to which she later pled nolo contendere.
After the nolo contendere plea, adjudication was withheld and the defendant was placed on probation. Her Public Defender filed an improper appeal from an oral order by the trial court on the motion to dismiss. This appeal was dismissed by this Court on motion of the State and a motion by defense counsel to reinstate the appeal was also denied. Defense counsel now seeks delayed appellate review and asserts that it was his error that this notice of appeal was incorrectly filed and that he intended to appeal the order of probation and assert denial of the motion to dismiss as error. Counsel states that this was due to inadvertence on counsel’s part. In accordance with Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967), and Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), counsel states that it was his mistake and that this constitutes State action since he is a State-provided Public Defender. Although we might well rule differently if we had the option, we are bound by these decisions. We are thus required to disregard counsel’s error which is so willingly confessed.
*4 However, we note in reviewing the record that the court minutes relied upon by defendant show there was absolutely no reservation of the right to appeal the denial of the defendant’s motion to dismiss. This absence of a reservation constitutes a waiver pursuant to Fla.R.Crim.P. 3.172(c)(iv) and the cases construing this rule. Wasil v. State, 318 So.2d 544 (Fla. 1st DCA 1975). Section 924.06(3) Fla.Stat. (1977) provides that in such situations the defendant shall obtain review by means of collateral attack.
The petition for writ of habeas corpus for delayed appellate review is denied because the documents supporting it do not show a reservation of the right to appeal. We are, of course, mindful that defense counsel in all probability will file another affidavit and another petition for habeas corpus asserting this to be just another one of his mistakes.
PETITION DENIED.
LETTS, MOORE and BERANEK, JJ., concur.